## SUPREME COURT.

### WILLIAM C. ROGERS, Respondent, agt. MARY MARSHALL and others, Appellants.

This court never refuses *preliminary injunctions* and the *appointment of a receiver*, if the condition of the subject of the controversy requires the aid of these provisional remedies.

This rule applied to this case, where it appeared that the defendants, who were alleged to be holding the premises under a defective title, were irresponsible; that they were collecting the rents, which they were unable to refund, and which probably would be lost if they were not restrained.

*New York General Term, August,* 1869.

*Before* CLERKE, *P. J.,* CARDOZO *and* BARNARD, *Justices.*

APPEAL from an order, granting a preliminary injunction and appointing a receiver.

A. C. MORRIS, *for appellants.*

In January 1855, Lewis C. Rogers, the father of the plaintiff, was the owner of six lots of ground in the city of New York, described in the complaint, worth, free from incumbrance, about $17,000, and no more, as appears by the uncontradicted testimony of two experienced witnesses.

The property was incumbered by a first mortgage for $10,000, by a second mortgage held by one Singer for $6,665 and was further incumbered by judgments amounting to $1,500.

Rogers himself was hopelessly insolvent, and remained so to the day of his death.

On the 9th of July 1855, one James Maginn recovered a judgment against Rogers in the N. Y. common pleas, by which said premises were adjudged to be sold by the sheriff,

for the satisfaction of a lien filed by said Maginn, under the N. Y. mechanics' lien law.

The premises were afterwards sold by the sheriff and bought by Singer, the holder of the second mortgage.

It is shown by the affidavit of the defendant, Mrs. Marshall that almost immediately after the sale, Singer, with the knowledge and concurrence of Rogers, moved into the premises and commenced there the business of keeping a public house, and continued to occupy the premises up to the time of his death.

Rogers removed from the premises and went to the Second avenue, where he opened a public house, and never returned to the premises bought by Singer.

Singer, instead of taking a deed from the sheriff immediately, as he was probably entitled to do, took merely a certificate of his purchase, as in ordinary sales under executions. In about a year thereafter Singer died, not yet having received his deed.

Singer left him surviving his sister, Mrs. Prevost, his only next of kin and heir at law, who immediately took undisputed possession of the premises in question, and of all the effects of her deceased brother, including the aforesaid mortgage.

She afterwards received a deed of the premises from the sheriff.

Mrs. Prevost died in 1864, leaving all her property to her daughter, Mrs. Marshall, one of the defendants.

The above facts are all sworn to, in the most positive manner, by Mrs. Marshall, and are wholly uncontradicted.

Rogers died in 1860, some five years after the purchase by Singer, during the whole of which time Singer and his family had held the possession of the property undisputed.

Mrs. Marshall has since (nine years) remained in actual occupation of the premises. She is engaged there in keeping a public house, by which she supports a large family.

The plaintiff, who is the only heir at law of Lewis C.

Rogers, and was an infant at the time of the death of his father, now, after fourteen years of undisturbed possession by the Singer family, brings this suit to recover back the property.

A motion for an injunction and receiver was made upon the complaint, snpported by an affidavit of James Maginn, and an order was made enjoining Mrs. Marshall from collecting rents of the premises, and appointing a receiver, which order, if continued, will break up her business, and throw herself and children in the street.

I. The allegations of the complaint not being sworn to positively are not to be regarded as any proof of the facts alleged therein. (*Bostwick* agt. *Elton*, 25 *How.*, 362.) The same may be said of the affidavit of the plaintiff, which is qualified by the admission that he " knew nothing of the facts above set forth till recently." Of course, he can have no personal knowledge of them. The only proof, therefore, upon which the injunction, order, &c., rests, is the unsup ported affidavit of Maginn. This affidavit relates to a matter that occurred fourteen years ago. The statement of Maginn is denied in the most positive manner by Mrs. Marshall, the defendant. She lived with her uncle, Mr. Singer, at the time of the transaction, and was personally cognizant of what she swears to.

II. There is no precedent for the appointment of a receiver in a case like the present. The plaintiff might as well ask for a receiver in an action of ejectment. (*Willis* agt. *Corlies*, 2 *Edw.*, *Ch.* 281 ; 3 *Id.*, 304; *Id.*, 312; *Id.*, 246; *People* agt. *Davidson*, 4 *Barb.*, 112.)

III. An injunction or receiver is never granted when the whole equity of the complaint is denied. (18 *How.*, 186, *et passim.*)

IV. But assuming the sale to Singer to be void, then Singer and his representatives, being mortgagees in possession, cannot be disturbed without a redemption.

GEORGE W. WINGATE, *for Respondent.*

It appears by the papers upon which the order appealed from was granted:

1. That the plaintiff is the owner of the premises unless his title has vested in the defendant, Mary Marshall, by virtue of the sheriff's deed, given upon the alleged foreclosure of the Maginn mechanics' lien.

2. That this lien had been paid and satisfied by the plaintiff's ancestor, prior to any sale thereunder, and that the subsequent proceedings were wholly unauthorized by the plaintiff therein.

3. That the deed under which the defendants claim was confessedly irregular.

4. That there was no transfer of possession after sale, and that this deed was not recorded until after the death of the plaintiff's ancestor, and the whole matter was kept concealed from his heirs.

5. That the defendants claim to be mortgagees in possession, although pleading the statute of limitations in opposition to the plaintiff's right to redeem.

6. That it is conceded that the defendants are irresponsible, that they are collecting the rents and profits, which they are unable to refund, *and which will be wholly lost unless they are restrained from so doing,* and *that they have permitted the premises, during their occupation, to fall into a ruinous and dilapidated condition, which is constantly growing worse, so that unless the same are placed in the hands of a receiver the plaintiff will suffer irreparable damage.*

*First.* The proceedings upon the foreclosure of Maginn's lien and the deed given by the sheriff thereunder, under which the defendants claim title, did not divest the title of Lewis C. Rogers, the plaintiff's father, to the premises described in the complaint.

(*a.*) It will be recollected that the foreclosure of a mechanic's lien is a *statutory proceeding* in derogation of the

common law, and of an *extraordinary nature*, and that unless the statute is *strictly complied with*, the owner's title is not divested, and the court loses jurisdiction. *(Roberts* agt. *Fowler*, 3 *E. D. S.*, 632.) No title passes in a statutory proceeding unless to be *proven* to be regular. No intendment in its favor can be made. *(Sharp* agt. *Speir*, 4 *Hill*, 76; *Striker* agt. *Kelly*, 2 *Denio*, 323.)

(*b.*) The plaintiff, in the suit to foreclose the lien in question, having settled with the owner of the premises, and given a receipt in full, his lien *ceased to be a lien*, and was dissolved, which immediately put an end to the whole proceeding, and rendered all subsequent proceedings void. The lien is the foundation of the whole proceeding. It being strictly a proceeding *in rem.* (*Conkright* agt. *Thomson*, 1 *E. D. S.*, 663; and see *Beals* agt. *Congregation of B'nai Jeshurun*, *Id.* 654.) The lien must continue until judgment is recovered and *payment enforced* by legal proceedings. *(Randolph* agt. *Leary*, 3 *E. D. S.*, 639; *Jackson* agt. *Morse*, 18 *Johns.*, 441, *and cases infra.)* Besides, the subsequent proceedings having been without the knowledge or consent of the lienor, they were unauthorized and void. The defendant's statements are not only mere supposition and a repetition of the answer, but are directly contradicted by the lienor. At the same time they admit *that the lien was paid* prior to the sale, and as the subsequent proceedings they set up are irregular on their face, they are an admission that the title of the plaintiff's ancestor has never been divested.

(*c.*) The certificate of sale given by the sheriff to Singer, and the deed subsequently executed by him to the administrators of the latter, were irregular and unauthorized in law, and no title passed under them.

I. The making of a certificate of sale upon a foreclosure of a mechanic's lien as upon a sale on execution is *erroneous.* (*Smith* agt. *Corey*, 3 *E. D. S.*, 642.) The proceedings for the sale being special and different from those on execution, the provisions of the Revised Statutes, as to *sales upon exe-*

*cution,* do not apply, and the sheriff should execute *a deed* to the purchaser, *not a certificate of sale.* (*Randolph* agt. *Leary,* 3 *E. D. S.,* 637.)

II. As the provisions of the Revised Statutes, as to sales *on execution,* (2 *Eds. Rev. Stats., p.* 388.) providing for the execution of a certificate of sale, and allowing a redemption, do not apply to a sale on the foreclosure of a mechanic's lien, (*see cases supra,*) the accompanying provisions (2 *Ed. Rev. Stats., pp.* 386, 387,) allowing the sheriff, in case of the death of a purchaser and holder of the certificate of sale on an execution "to execute a conveyance to his *executors or administrators*" have no application either. These provisions are confined entirely to sales *on execution,* and the deed is to be given to the executor or administrator, and not to the heir, in consequence of the right of redemption given to the debtor and to creditors, which right does not exist in the case of a mechanic's lien. In fact, in the case of a mechanic's lien no execution can be issued at all (*Randolph* agt. *Leary,* 3 *E. D. S.,* 640). But the sale must be on a certified copy of the judgment (*Allthurse* agt. *Warren,* 2 *E. D. S.,* 657). The deed to the administratrix and administrator of John Singer, thus being entirely unauthorized (*see cases supra*) it was void, and is no defence to this action. The fact that the administrator and administratrix subsequently conveyed *to the heir,* passed nothing if the original deed to them was illegal; "the fountain could rise no higher than its source." A sheriff's deed cannot be made operative except according to its terms (*Mason* agt. *White,* 11 *Barb.,* 173). A sheriff's deed is *null and void* if there was not a *subsisting power* in him to make it, and a payment to defeat the deed may be proved by parol. (*Stafford* agt. *Williams,* 12 *Barb.,* 240; *Jackson* agt. *Morse,* 18 *Johns.,* 441; *Jackson* agt. *Anderor,* 4 *Wend.,* 474; *Jackson* agt. *Roberts Exrs.,* 11 *Wend.,* 422.

*Second.* The case, as presented on the papers, not only shows that there was no legal sale but that the obtaining

of this alleged deed from the sheriff was a fraud on the plaintiff and his ancestor.

(*a.*) It appears that although Singer purchased as trustee without taking any conveyance during his lifetime, although entitled to it at once if a *bona fide* purchaser, and Rogers and his family continued in possession, yet that after Singer's death, when Rogers had become insane, the defendants procured this deed, keeping it secret from Rogers' family, and not putting it on record until after his death.

(*b.*) The pretence of an actual purchase by Singer is absurd. Who ever heard of a bid of seven hundred and sixty-four dollars and twenty-eight cents? The pretence that it was *Singer* who paid Maginn and that he became the assignee of the judgment, is without foundation. It is asserted upon mere information, and is directly contradicted by Maginn himself.

(*c.*) The affidavits in regard to value are irrelevant. There is no proof that Singer paid anything, and the fact that judgments and a lien were on record is no proof that they were owing. The presumption is that if they were prior liens they would have been enforced.

*Third.* The statute of limitations is no bar to the plaintiff's recovery.

(*a.*) As far as the alleged sale and deed under the foreclosure of the mechanic's lien is concerned, this is an action of ejectment which cannot be barred in less than twenty years.

(*b.*) If it be shown that the sale was an arrangement between Rogers and Singer and that the latter only took a certificate to accommodate Rogers he was a *trustee* in whose favor the statute does not run. (*McDonald* agt. *May's Executors*, 1 *Rich. Eq.*, (*S. C.*,) 91.)

(*c.*) Besides, the obtaining of a deed was a *fraud* on Rogers and his heirs, and in such a case the statute does not run until six *years after the discovery of the fraud.* (*Ward* agt. *Van Bokelin*, 1 *Paige*, 100; *Sears* agt. *Shafer*, 2 *Seld.*, 268; *Code* § 91.)

(*d.*) The defendants' claim to be mortgagees in possession is entirely inconsistent with a plea of the statute of limitations to an action to redeem, and is a bar to such a defense.

(*e.*) Again, the deed which it is sought to set aside only became a cloud on the title by being recorded April 5, 1861.

*Fourth*—The appointment of a receiver was proper.

(*a.*) The plaintiff has established a *prima facie* title as above shown and there was no denial of the defendant's irresponsibility, or that the rents and profits were being lost and the premises were being allowed to fall into ruin. The case, therefore, came directly within the rule that " *whenever it is necessary for the preservation of the property pending the litigation, a receiver should be appointed.*" (*Lawrence* agt. *Greenwich Ins. Co., Paige,* 587 ; *Hamilton* agt. *Accessory Transit Co.,* 3 *Abb.,* 255 ; *Edwards on Receivers, p.* 18.)

(*b.*) The fact that the defendants claim to be *mortgagees in possession,* while allowing the premises to perish and the rents to be lost, is sufficient in itself to justify the appointment of a receiver. When the fund is in danger and there has been *negligence or improper conduct by the trustee,* the appointment of a receiver is a *matter of right.* (*Jenkins* agt. *Jenkins,* 1 *Paige,* 243.)

(*c.*) The cases cited by the appellants do not apply. They were all *ejectment cases* pure and simple under the Revised Statutes, and were put upon the ground that the statute provisions in regard to redemptions and new trials were inconsistent with the idea of a receiver. Also, that the plaintiff did not claim the rents and profits but *damages* which no receiver could be appointed to collect. (*Thompson* agt. *Sherrard,* 35 *Barb.,* 593.) On the other hand, in the *People* agt. *The Mayor,* (10 *Abb.* 117,) the general term of 1st District distinctly held *in an action of ejectment,* that although a " receiver would not be *generally appointed*" in such cases, " yet that where some *equitable grounds* appear, entitling the plaintiff to the rents and profits as such, *and that their*

Rogers agt. Marshall.

*sequestration is necessary for his protection, on account of the insolvency of the defendant,* that a receiver may be appointed." (*See cases supra.*)

*Fifth*—The order appealed from should be affirmed with costs.

*By the Court,* CLARKE, P. J. This is totally different from an action of ejectment. It seeks relief on the ground of fraud, mistake and want of jurisdiction in the court in which the proceedings to foreclose the alleged lien of Maginn, were concerned. It clearly presents, therefore, precise grounds for the equitable interposition of this court, and in such cases we never refuse preliminary injunctions and the appointment of a receiver, if the condition of the subject of the controversy requires the aid of these provisional remedies. From the plaintiff's complaint and affidavits, upon which the injunction was obtained and the receiver appointed, it is evident that the defendants are irresponsible, that they are collecting the rents, which they are unable to refund and which probably will be lost if they are not restrained.

It appears, also, that the premises, in consequence of their incapacity or neglect, are in a ruinous condition for the want of repairs, and that they will continue to deteriorate if they remain under the control and in the possession of the defendants.

The order should be affirmed with costs.


BARNARD, J. The only question in this case is our power.

The facts established in the papers by plaintiff, clearly entitle him to the relief if it can be given.

In the case of *The People* agt. *The Mayor,* (10 *Abb.,* 117) decided by the general term of this district, it was expressly so held.

The order should be affirmed with costs.