PHILADELPHIA MORTGAGE & TRUST COMPANY, APPELLEE, v. WILLIAM M. OYLER ET AL., MINNESOTA TITLE INSURANCE & TRUST COMPANY, APPELLANT,

CONSOLIDATED WITH

PRESIDENT AND DIRECTORS OF THE INSURANCE COMPANY OF NORTH AMERICA V. WILLIAM M. OYLER ET AL.

FILED APRIL 17, 1901.   No. 9,301.

1. **Foreclosure of Real Estate Mortgage:** DEFICIENCY JUDGMENT: LIABILITY: BENEFICIAL INTEREST IN RESULT OF SUIT: APPLICATION FOR APPOINTMENT OF RECEIVER: RIGHTS OF PARTY. In an action to foreclose a real estate mortgage a defendant who is liable for a deficiency judgment has such a beneficial interest in the result of the suit that he may, if proper grounds exist therefor, apply for and obtain the appointment of a receiver for the purpose of preserving the property and the income therefrom, for the satisfaction of the debts which are a lien thereon.

2. ———: APPOINTMENT OF RECEIVER. Where mortgaged premises are probably insufficient to satisfy the mortgage debt, and the property is allowed to deteriorate and taxes to accumulate, these are grounds sufficient to justify the appointment of a receiver to take charge of the mortgaged premises, collect the rents and apply them in such manner as to preserve the property for the satisfaction of the debt for which it is pledged.

3. **Appointment of Receiver:** EVIDENCE. Evidence examined, and *held* sufficient to support the order made for the appointment of a receiver, and the application of the income of the property in his hands for the payment of the delinquent taxes assessed against the same.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*Strode & Strode*, for appellants.

*S. L. Geisthardt* and *Field & Brown, contra.*

HOLCOMB, J.

Two separate actions in equity were instituted for the purpose of foreclosing mortgage liens on two tracts of real estate, and the recovery of the debts secured thereby, which were afterwards consolidated and prosecuted as one action. The matters in controversy are common to both actions before consolidation; hence, the propriety of treating them as but a single case. After the execution of the mortgages, the properties mortgaged, being two adjoining improved lots, were several times transferred, the grantee in each instance assuming and agreeing, as a part of the consideration for the purchase price, to pay the mortgage debt with which the property was encumbered. At the time the action was begun the properties were owned by one Charles W. Russell, a non-resident, who prior to its commencement had executed a second mortgage on both lots to the appellant, the Minnesota Title Insurance & Trust Company, to secure the payment of the sum of $2,000. After the commencement of the action, and on the 10th day of March, 1896, the Title Insurance & Trust Company, subsequent mortgagee, obtained from the owner of the premises as further security an assignment of a lease to the premises held by the owner, and the rents accruing thereunder, amounting to the sum of $200 per month. During the pendency of the foreclosure proceedings, and on May 26, 1896, the defendant and appellee, Cochran, made application for the appointment of a receiver of the premises in controversy, in which application the mortgagor and defendant Oyler afterwards joined. A receiver was prayed for on the

ground that the applicants were liable for any deficiency that might exist after the sale of the mortgaged property; that the subsequent grantees, who were also liable for a deficiency, and to whom they stood in relation as surety to principal, were non-residents of the state, without the jurisdiction of the court, and against whom no judgment could be rendered, and that they could obtain no relief as against them, except by resort to a court of foreign jurisdiction, in the event they were required to pay any deficiency in the action at bar. It is also alleged, in substance, that the taxes on the premises have not been paid, and have been suffered to become delinquent in a large sum, and that the premises were liable to be sold for taxes; that they were in a bad state of repair, were going to waste, were falling into decay and becoming unsuitable for tenants; that the rents and profits were being diverted for the purpose of paying a subsequent lien, etc.; all of which endangered the security and rendered the property insufficient to pay the mortgage debt. The application was resisted by the Title Insurance & Trust Company on the ground that it held a valid assignment of the lease of the premises; that the applicants had no standing in court for the purpose of having a receiver appointed, and, in case of any deficiency, had ample recourse on the subsequent grantees, who were solvent, that the Russells, its creditors and subsequent grantees, were insolvent, and unless the rents and profits were applied to its lien, it would be remediless; and denying the allegations of waste. The sheriff was, on June 5, appointed a temporary receiver. On October 6 the mortgagees joined in the application for a receiver. On December 8 the applicants, Oyler and Cochran, moved to have the sheriff apply the moneys received by him as temporary receiver on the delinquent taxes assessed against the premises. This was resisted by the appellant, who prayed for an order directing the sheriff to pay the moneys held by him to it. As to the appointment of a permanent receiver, and the disposition

of the moneys collected by the temporary receiver, it was ordered by the court that a permanent receiver be appointed, and that the temporary receiver be directed to pay and apply the moneys received by him on delinquent taxes assessed against the mortgaged premises. From the order directing the temporary receiver to pay the moneys collected by him in satisfaction of taxes assessed against the premises, and denying appellant's motion to have the same paid to it, an appeal is taken to this court, and we are called upon to decide as to the correctness of the ruling referred to.

It is argued by appellant that the order is in violation of its rights as an assignee of the lease of the premises and the rents accruing thereunder; that Cochran and Oyler had no such interest in the suit as would give them a standing to apply for the appointment of a receiver, and that the subsequent grantees, being financially responsible for any deficiency, the applicants would not suffer any injury, and that the evidence was not sufficient to authorize the appointment of a receiver. It occurs to us that but two principal propositions are involved in a proper discussion of the case: First, were the applicants, occupying the position they did with relation to the suit, entitled on their motion in a proper case to have a receiver appointed; and second, under the facts as disclosed by the record, was it an abuse of discretion in the trial court to appoint a receiver of the property and direct the payment of the moneys collected in the manner stated?

By the provisions of the statute a receiver may be appointed for several causes, among which are: (a) In an action by a creditor to subject any property or fund to his claim, or between those jointly owning or interested in any property or fund which is in danger of being lost, removed or materially injured; (b) in an action for the foreclosure of a mortgage, when the mortgaged property is in danger of being lost, removed or materially injured, or is probably insufficient to discharge the mortgage debt; and (c) in all other cases where receivers have heretofore

49

been appointed by the usages of courts of equity. Code of Civil Procedure, sec. 266. The property mortgaged is pledged to the payment of the mortgage debt. In equity, the property must be exhausted before a deficiency judgment can be recovered. The mortgage provided, in express terms, that the mortgagor (and grantees) would keep the premises in repair, and pay the taxes assessed against the same. The charges to meet the public revenues were a prior lien to the mortgage, and as they were permitted to accumulate, to that extent lessened the mortgage security and enhanced the probability of a deficiency when resort was had to proceedings to subject it to the satisfaction of the debt. The property, by virtue of the delinquent taxes, was subject to sale at any time, which would entail as an additional charge, costs, penalties and a high rate of interest, all calculated to depreciate the value of the mortgage security. If in all these matters the appellant was charged with notice at the time of taking its second mortgage security, as assignee of the lease of the premises and the rents accruing thereunder, it, by that fact alone, stood in no better position than the owner and lessor.

The applicants for the appointment of a receiver had such an interest in the result of the suit as made it of vital importance to them that the premises should be preserved from waste and decay, from tax liens or other causes which would lessen the security for the debt for which they were personally liable. They had no adequate and certain remedy with respect to the alleged solvency of their subsequent grantees, who were pecuniarily liable for any deficiency, and who stood to them in the relation of principal and surety. These parties were beyond the jurisdiction of the court, and were not parties to the action. Nothing could be determined as against them as to any liability for a deficiency. In jurisdictions where insolvency of a mortgagor is required in determining the inadequacy of security for the purpose of furnishing a basis for the appointment of a receiver,

absence of a solvent mortgagor or other person liable personally for the debt is held to be sufficient, the same as though insolvency was made the basis.    For reasons analogous, the alleged solvent grantees being without the jurisdiction of the court, the fact of their solvency would not prevent the appointment of a receiver, if otherwise proper.    Under our statute, the insolvency of the mortgagor or other person liable for the mortgage debt is not required before the appointment of a receiver is justified. "Where the mortgaged property is probably insufficient to discharge the mortgage debt," says the statute, a receiver may be appointed.   The receivership is asked only for the purpose of preserving the property, sequestering the rents and profits and having them applied to the extinguishment of taxes, which are a first and prior lien, which enhances the security of the second as well as the first mortgage, and is in the interest of all parties concerned.

The appellant's position is, in effect, to have its second mortgage declared a prior lien over all others, by directing the income of the property, which in equity and under the terms of the mortgage should be applied to the preservation of the property and the payment of charges existing against the same for purposes of revenue, to be paid to it.   As between the subsequent mortgagee and persons liable personally for a deficiency, the equities are in favor of the latter, who should be relieved of liability before the property or the income therefrom should be taken to satisfy the debt due under the subsequent mortgage.   The statute does not restrict the application for a receiver to a plaintiff, nor is it believed such was intended by the legislative enactment.   A defendant may, in a proper case, be heard to make such an application.   A receiver will be appointed when justice and equity will thereby be promoted (Beach, Receivers, sec. 12); and on the application of a defendant against a co-defendant when a party is beneficially interested, and to prevent fraud and spoilation.   Beach, Receivers, sec. 53; *State v.*

*Northern C. R. Co.*, 18 Md., 194; *Henshaw v. Wells*, 9
Humph. [Tenn.], 566. It would be, it seems to us, per-
missible for a mortgagor of premises afterwards conveyed
to a third party, and which secured a debt upon which he
was personally liable, in an action to foreclose such mort-
gage, and where waste or inadequacy of security is made
the basis, to apply for a receiver of such premises for the
purpose of having the debts satisfied out of the property
pledged to their payment according to priorities, regard-
less of the question of his solvency and liability to meet
a deficiency by reason of his personal liability, and in
this case we hold that the mortgagor and grantee had
such a substantial and beneficial interest in the suit by
reason of their personal liability for the debt as would
give them a standing in a court of equity for the purpose
of applying for a receiver to take charge of and preserve
the mortgaged property, and apply the income to the
payment of taxes or in satisfaction of the mortgage debt,
and thus lessen their liability and save them from injury
by reason of a judgment for deficiency.

On the second proposition, to-wit, the sufficiency of the
evidence to warrant the appointment of a receiver, we
think it abundant to justify the action taken. The rule
is that an appointment of a receiver will not be disturbed
on appeal, unless it clearly appears that there has been
an abuse of discretion and the order ought not to have
been entered. Beach, Receivers, sec. 118; *Roberts v.
Washington Nat. Bank*, 37 Pac. Rep. [Wash.], 26; *Sanders
v. Slaughter*, 89 Ga., 34; *Beaumont v. Beaumont*, 166 Pa.
St., 615; *Fluker v. Emporia C. R. Co.*, 48 Kan., 577. And
where the order is based on conflicting evidence, it will
not be disturbed, unless clearly wrong. *Beaumont v.
Beaumont, supra; Nimocks v. Shingle Co.*, 110 N. Car., 230;
*Ponder v. Tate*, 96 Ind., 330. Where the mortgaged prem-
ises are probably insufficient to satisfy the mortgage
debt, the property allowed to deteriorate, and taxes to
accumulate, these circumstances are all reasons appeal-
ing strongly to a court of equity for the appointment of

a receiver to take charge of the mortgaged premises, collect the rents and apply them in such manner as to preserve the property for the satisfaction of the debts for which it has been pledged. *Rogers v. Marshall*, 38 How. Pr., 43; Beach, Receivers, sec. 530; *Wall Street Fire Ins. Co. v. Loud*, 20 How. Pr. [N. Y.], 95; *Stockman v. Wallis*, 30 N. J. Eq., 449; *Finch v. Houghton*, 19 Wis., 163; *Haugan v. Netland*, 53 N. W. Rep. [Minn.], 873; *Schreiber v. Carey*, 4 N. W. Rep. [Wis.], 124; *Farmers Nat. Bank v. Backus*, 66 N. W. Rep. [Minn.], 5. In *Philadelphia Mortgage & Trust Co. v. Goos*, 47 Nebr., 804, 813, this court announces the rule as follows: "The fact that the mortgaged premises are of insufficient value to pay the amount of plaintiff's claim, and costs, coupled with the further facts that the order confirming the sale may possibly be reversed, that the defendant is collecting the rents and refuses to apply the same on the decree or in payment of the taxes and assessments against the property or to keep the premises insured, and the liability of the real estate being sold for the non-payment of said taxes, justify the appointment of a receiver." The case at bar comes entirely within the reason of the rule in the case just cited.

The order of the district court complained of is right and should be affirmed, which is accordingly done.

AFFIRMED.