TAYLOR GRIMES et al., Appellees, v. ROY W. KELLOWAY et al., Appellees; JOHN W. IRVING, Appellant.

MORTGAGES: Transfer of Property—Assumption of Mortgage—Scope
1  and Effect. A purchaser of land who contracts, both in his contract of purchase and in the deed of conveyance accepted by him, to as-

sume and agree to pay an existing mortgage on the land, thereby becomes the principal debtor on such obligation, both as to the holder of the obligation and as to *all* prior parties obligated thereon. (See Book of Anno., Vol. I, Sec. 12376, Anno. 24 *et seq.*; also, Vol. II, same section.)

**APPEAL AND ERROR:** Review—Scope—Moot Questions. Jurisdictional defects in attachment proceedings become moot and inconsequential when it appears that the proceedings were auxiliary to a real estate foreclosure, and that general personal judgment has been rendered in the foreclosure proceedings against the defendant in attachment. (See Book of Anno., Vol. I, Sec. 12886, Anno. 19 *et seq.*)

**MORTGAGES:** Foreclosure—Receiver—Right of Subsequent Purchaser. Under an enabling clause in a mortgage, a *subsequent* purchaser of the property who has agreed to pay the mortgage debt, and who has resold the property to a grantee who has likewise agreed to pay, may have a receiver of the rents appointed against his grantee,—a defendant in foreclosure,—on a showing that the security is inadequate and that said last grantee is insolvent. (See Book of Anno., Vol. I, Sec. 12713, Anno. 42 *et seq.*; also, Vol. II, same section.)

Headnote 1: 41 C. J. pp. 737, 745 (Anno.)  Headnote 2: 4 C. J. p. 649.  Headnote 3: 42 C. J. p. 121.

Headnote 1: 25 L. R. A. 275; 21 A. L. R. 439; 47 A. L. R. 339; 19 R. C. L. 375.

*Appeal from Greene District Court.*—J. A. HENDERSON, Judge.

DECEMBER 17, 1927.

Action to foreclose a mortgage, aided by attachment and receivership proceedings. Relief was granted, and appellant, Irving, appeals therefrom.—*Affirmed.*

*J. F. Gallup,* for appellant.

*Guy C. Richardson,* for plaintiffs, appellees.

*Graham & Osborn,* for Robert Smith, appellee.

*Wilson & Harris,* for Jabez Keys and Katie Keys, appellees.

*Howard & Sayers,* for F. P. Cudahy and Frank Tiffany, appellees.

KINDIG, J.—A review of the historical facts is first impor-

tant. On the 28th day of February, 1920, defendants Roy W. Kelloway and Otis A. Kelloway made and delivered to the defendant Robert Smith a certain promissory note for the sum of $12,000, bearing interest from March 1, 1920, at the rate of 5 per cent per annum, due March 1, 1925. To secure the payment of the negotiable instrument, the makers thereof, as grantors, executed a mortgage on certain real estate in Greene County, containing approximately 52½ acres. About the 21st day of July, 1921, Robert Smith transferred the written promise to pay, by indorsement in blank, to L. B. Bartholomew, Taylor Grimes, and L. M. Grimes, plaintiffs and appellees, and at the same time, in writing, assigned to them the "mortgage." Afterwards, on March 31, 1920, the Kelloways conveyed the burdened farm by deed to Jabez A. Keys and Katie Keys, wherein the grantees assumed and agreed to pay the incumbrance. Then the Keys, who were husband and wife, sold the premises involved to F. P. Cudahy and Frank Tiffany, defendants and appellees, and in the deed accepted, these grantees also "assumed and agreed to pay" the indebtedness. Finally, on April 7, 1923, Cudahy and Tiffany disposed of the acreage to John W. Irving, defendant and appellant. In that instrument of conveyance also, the grantee "assumed and agreed to pay the mortgage." Contained in the original security agreement is the following:

"It is also agreed that in case of default in any respect so that this mortgage can be foreclosed, the rents and profits of said premises, as well before as after sale on execution, are hereby pledged to the payment of the moneys secured hereby, and that on the commencement of an action to foreclose this mortgage, the plaintiff therein shall be entitled to the appointment of a receiver with the usual powers to take and hold such rents and profits for the benefit of the plaintiff, and subject to the order of the court."

There was "default," and on March 19, 1925, this suit was instituted to procure judgment against Roy W. Kelloway, Otis A. Kelloway, Robert Smith, Jabez A. Keys, Katie Keys, F. P. Cudahy, Frank Tiffany, and John W. Irving, the foreclosure of the "mortgage," and the "appointment of a receiver." Supplemental to this, on April 14, 1925, the appellees, by amendment, asked for the issuance of a writ of attachment. Trial was had and personal "judgment" was granted against John W. Irving,

F. P. Cudahy, Frank Tiffany, Roy W. Kelloway, Otis A. Kelloway, and Robert Smith, the "mortgage" foreclosed, the temporary "receivership" made permanent, and the adjudicated amount made a lien upon appellant's separate land previously levied upon under the "writ of attachment."

The errors relied upon for reversal will now be considered.

I. Appellant complains that he should not be held, because he did not undertake the fulfillment of said legal obligation to be discharged by others. With this contention we are constrained

<div style="float:left">1. MORTGAGES:<br>transfer of prop-<br>erty: assumption<br>of mortgage:<br>scope and effect.</div>

to disagree. In the compact whereby appellant procured the right to obtain the premises, there appears, in reference to the liability in question, the following language:

"One first mortgage of $12,000.00 to Robert Smith, due March 1, 1925, which grantee assumes and agrees to pay, with interest from March 1, 1923."

And accordingly, in the resulting "deed" from Cudahy and Tiffany there is the sentence:

"Except a first mortgage of $12,000.00 to Robert Smith, due March 1, 1925, * * * which grantee assumes and agrees to pay, with interest from March 1, 1923."

Those stipulations make appellant the principal debtor, as between the maker and subsequent assumers of the "obligation." Boice v. Coffeen, 158 Iowa 705; Bennett Sav. Bank v. Smith, 171 Iowa 405; Beeson v. Green, 103 Iowa 406. Beeson v. Green, supra, declares:

"That the deed was accepted is not questioned, nor could it be, under such circumstances. The defendants had made all the use of the instrument for which it was designed. It had served the purpose of transferring title * * *. They insist, however, * * * that they never agreed to pay the mortgage. But the agreement to pay is in writing. By accepting the deed they obligated themselves as effectually as though they had signed it."

II. Argument is sought to be predicated upon the proposition that the "assumption and agreement to pay" was personal to Tiffany and Cudahy, and not for the benefit of the holder of the "mortgage," because of the peculiar language contained in the "deed." That is to say, immediately succeeding the description of the real property is inserted the clause in question, and it

is insisted that, as thus constructed, the purport of the text is not to exclude the "mortgage" from the warranty against "incumbrance," but rather amounts to a reduction of the real estate itself to the extent of the "mortgage."

This claim is not well founded. Returning to the "contract of purchase," it will be discovered there is no ambiguity, but, on the other hand, the intention is there very plain and clear that appellant was to "assume and pay" the amount of the "mortgage" to whomever it may be due. Moreover, a study of the entire "deed" will convince beyond a peradventure of a doubt that its provisions under criticism are in harmony with said "agreement," and when correctly interpreted, mean that Cudahy and Tiffany did not "warrant" the title against the "mortgage," and that appellant "assumed and agreed to pay" the same.

III. Directed against the procedure relating to the attachment is a demand for reversal because jurisdiction is lacking. Insistence on the absence thereof is based, first, upon the insuffi-

2. APPEAL AND ERROR: review: scope: moot questions.

ciency of the grounds for "attachment," and second, the misjoinder of it with other remedies in this "foreclosure" proceeding. It is not necessary to pass upon this phase of the controversy, because the subject now has become moot.

General "judgment" was entered against appellant, automatically becoming a lien upon all his real estate, including that covered by the "attachment." As no intervening creditors are concerned, and complications relating to priorities are not present, the outcome must be the same, whether the specific property is held under the "attachment" or "judgment lien."

IV. Urgent objection is proclaimed against the "appointment of the receiver." Such protest rests upon the alleged premises that: First, insolvency of all the obligors has not been

3. MORTGAGES: foreclosure: receiver: right of subsequent purchaser.

shown; and second, the rights of Cudahy and Tiffany cannot rise higher than those of the "holder of the mortgage" in this respect. True, there is in the record no evidence concerning the financial responsibility of the Kelloways and Smith, but the controversy at this juncture is between Cudahy and Tiffany on the one hand and appellant on the other. These appellees (Cudahy and Tiffany) filed a petition of intervention in the

"foreclosure proceedings," alleging the "assumption and agreement to pay" on the part of appellant, and that, through failure of his so doing, "judgment" is claimed (and in fact was entered) in the premises against interveners, then pleading the insufficiency of the "security" and the "insolvency" of the appellant, and thereupon praying, among other things, for the "appointment of a receiver" "to take immediate charge of the real estate and collect the rents and profits therefrom."

Testimony supported the finding that appellant was "insolvent" and the land covered by the "mortgage" was worth approximately $6,000 less than the amount required. Parenthetically, we note that the context of the "mortgage" embodied the enabling clause, above quoted, permitting "a receiver" under the contingencies named.

Remaining, therefore, is the determination of the point as to whether or not Cudahy and Tiffany are entitled to a "receiver," under the exigency of the case, even if (a question which we do not decide) the plaintiffs-appellees Taylor Grimes, L. M. Grimes, and L. B. Bartholomew are not. *Philadelphia Mtg. & Tr. Co. v. Oyler,* 61 Neb. 702 (85 N. W. 899), aptly says:

"It would be, it seems to us, permissible for a mortgagor of premises afterwards conveyed to a third party, and which secured a debt upon which he was personally liable, in an action to foreclose such mortgage, and where waste or inadequacy of security is made the basis, to apply for a receiver of such premises for the purpose of having the debts satisfied out of the property pledged to their payment according to priorities, regardless of the question of his solvency and liability to meet a deficiency by reason of his personal liability; and in this case we hold that the mortgagor and grantee had such a substantial and beneficial interest in the suit by reason of their personal liability for the debt as would give them a standing in a court of equity for the purpose of applying for a receiver to take charge of and preserve the mortgaged property, and apply the income to the payment of taxes or in satisfaction of the mortgage debt, and thus lessen their liability, and save them from injury by reason of a judgment for deficiency."

Cudahy and Tiffany retained an interest in the subject-matter here involved, to the extent, at least, that they can insist on appellees' paying the "obligation" and thus relieving them

of the necessity of so doing; and furthermore, these interveners have a right to ask that all the available properties pledged be applied. *Stout v. Folger*, 34 Iowa 71, suggests:

"* * * if the covenant or promise be to perform some act for the plaintiff's benefit * * * the neglect to perform the act is a breach of contract, and will give an immediate right of action. * * * The authorities agree that, upon an undertaking *to pay* a debt due a third person, the plaintiff may maintain an action without showing that he has paid the debt."

Equity here has "jurisdiction" of all the parties, and can fully protect each in his individual privileges and contractual benefits. Plaintiffs-appellees could have instituted an action at law against these grantees in said "deed" on the covenant "assuming and agreeing to pay," without first "foreclosing the mortgage." *Beeson v. Green*, supra. Yet in such event, Cudahy and Tiffany, in a proper procedure involving themselves and appellant, could have insisted upon the application of the "mortgage security;" for its existence operated for their protection, and in such litigation they could and would have been plaintiffs. *Boice v. Coffeen*, supra.

Definition of "plaintiff," as used in said "enabling clause," is broad enough to include Cudahy and Tiffany as interveners in this case. Really, so far as the legal quarrel between them and appellant is concerned, they are "plaintiffs." If this relief is denied, the result will be the impairment to that extent of the "assumption clause," which, under the arrangement, was part of the consideration to be performed by appellant. Old is the maxim that, where a right exists, there is a legal remedy to enforce it. Application of this principle cannot be denied the interveners at this late date in American jurisprudence. Appellant, for a legal "consideration," armed said appellees with the right, as between them and him, to have all the contingencies of the "mortgage" carried out, including "the enabling clause." After thus bestowing upon Cudahy and Tiffany this advantage, appellant cannot in this way deprive them of its enjoyment.

Other matters are presented, but in view of what has already been said, there is no need of making this opinion longer by further discussion.

The judgment of the district court is affirmed.—*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.