[No. 16066.   Department Two.   December 14, 1920.]

EQUITABLE SAVINGS & LOAN ASSOCIATION, *Respondent,* v. GEORGE J. ANDERSON, *Appellant.*[1]

MORTGAGES (186, 187)—FORECLOSURE—RECEIVERS — APPOINTMENT. In an action to foreclose a mortgage, it is error to appoint a permanent receiver to take possession of the property, where there is no danger of the property being "lost, removed or materially injured," under Rem. Code, § 741.

SAME (58)—PRIORITY OF OTHER CLAIMS—PRIOR LEASE. A lease has priority over a mortgage where it was executed and recorded nearly a month before the mortgage was executed.

SAME (186, 187)—FORECLOSURE—RECEIVER—APPOINTMENT. Where mortgaged property, subject to a prior lease, is in possession of no one, and the property was no more than sufficient to pay the mortgage, a receiver may be appointed to collect the rents.

[1]Reported in 194 Pac. 387.

Appeal from an order of the superior court for King county, Dykeman, J., entered May 11, 1920, appointing a receiver, in an action to foreclose a mortgage, after a hearing before the court. Modified.

*C. A. Schneider,* for appellant.

*Cake & Cake* and *L. A. Liljeqvist,* for respondent.

MOUNT, J.—This appeal is from an order of the superior court of King county appointing a receiver to take possession of mortgaged real estate, pending an action to foreclose a mortgage thereon.

The order appointing the receiver was based upon affidavits which show that, on July 9, 1919, A. L. Mc-Kenzie and wife, claiming to be the owners of the real estate, executed a written lease to the appellant. This lease was duly recorded on September 20, 1919. It provided, among other things, that the lessors should construct a cement one-story building thereon suit-able for a garage, and that the rental should be $125 per month, payable in advance on the first day of September, 1919, for a period of five years. On October 16, 1919, McKenzie and wife and the Washington Mutual Investment Company executed a mortgage upon the property to secure a note of $9,000 to the Equitable Savings & Loan Association. This mortgage was duly filed for record on October 21, 1919. On March 15, 1920, the appellant brought an action in the superior court of King county for specific performance of the lease above mentioned. On April 24, 1920, while that action was pending, the Equitable Savings & Loan Association brought an action to foreclose its mortgage, alleging, among other things, that the mortgagors were in default in certain payments; that no one was in possession of the property, and that the property was in danger of being lost; that liens

had been filed against the property; and that the property was no more than sufficient to pay the amount of the mortgage; and prayed for the appointment of a temporary receiver. The temporary receiver was appointed on April 27, 1920.

On May 10, 1920, after the trial of the action for specific performance of the lease, a decree was entered in that action giving the appellant herein possession under the lease above mentioned. Thereupon appellant, having been made a defendant in the foreclosure action, appeared therein, objected to the appointment of the temporary receiver, denied the affidavit that the property was in danger of being lost or destroyed, and alleged that the lease was prior to the mortgage, and that the mortgaged property was of the value of $20,000 and amply sufficient to pay the mortgage. The trial court overruled his objection and made the appointment of the receiver permanent during the pendency of the foreclosure action, and directed the receiver to take possession of the premises. This appeal followed from that order.

We are of the opinion that the trial court erred in directing the receiver to take possession of the property from the appellant, (1) because it clearly appears from the record that there is no danger of the property "being lost, removed or materially injured" (Rem. Code, § 741); (2) if the appellant's lease is valid, which appears to have been established by the action for specific performance wherein the makers of the mortgage were parties, then the lease is a prior lien over the mortgage, which must be foreclosed subject to the lease, because it very clearly appears that the lease was of record nearly a month before the mortgage was executed. Under the showing made, the court was authorized to appoint a receiver to collect

the rents. *Newman v. Van Nortwick*, 95 Wash. 489, 164 Pac. 61. But we are satisfied the court abused its discretion in ordering the receiver to take possession of the mortgaged property.

The order is modified to that extent, appellant to recover his costs.

HOLCOMB, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.