[No. 3175.  Decided February 18, 1899.]

THE BALFOUR-GUTHRIE INVESTMENT COMPANY, *Appellant,* v. MAGDALINA MARY GEIGER, *Respondent.*

RECEIVERS—APPOINTMENT IN FORECLOSURE SUITS—POWER TO SET ASIDE.

Under the statutes of this state, giving the mortgagee the right of possession of the mortgaged premises until foreclosure sale, the appointment of a receiver in foreclosure proceedings is unwarranted.

An order appointing a receiver pending suit is interlocutory, and, until the case is terminated by final judgment, the court retains jurisdiction to vacate any previous order improvidently made.

Appeal from Superior Court, Pierce County.—Hon. JAMES A. WILLIAMSON, Judge.  Affirmed.

*Campbell & Powell,* for appellant.

*George G. Williamson,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—The appellant, having commenced an action to foreclose a farm mortgage, applied for the appointment of a receiver to take possession of the property and apply the rents and profits to the payment of the mortgage debt.  A receiver was appointed, and subsequently thereto, but prior to the entry of a decree in the principal action, the court, on motion of the respondents, vacated its previous order of appointment, and thereupon the plaintiff appealed.

We think the case is controlled by *Norfor v. Busby,* 19 Wash. 450 (53 Pac. 715).  That case was ably presented and received mature consideration from this court, and the able argument of appellant's counsel has failed to convince us that it should be overruled.  We think that, fol-

lowing that case, the appointment of the receiver in the present case was improvident; and the learned judge, having reached that conclusion, was warranted in vacating the order at any time prior to the entry of the final decree. The order was interlocutory, and, until the case terminated in a final judgment, the court retained jurisdiction, which carried with it the right to vacate any previous order improvidently made.

The cases of *Dickson v. Matheson,* 12 Wash. 196 (40 Pac. 725); *Greene v. Williams,* 13 Wash. 674 (43 Pac. 938); *Burnham v. Spokane Mercantile Co.,* 18 Wash. 207 (51 Pac. 363), and *State ex rel. Grady v. Lockhart,* 18 Wash. 531 (52 Pac. 315), are not in point, because the question in each of these related to the power of the court to disturb a final order or judgment.

The order appealed from is affirmed.

FULLERTON, REAVIS, ANDERS and DUNBAR, JJ., concur.