(No. 5538.  Decided July 24, 1905.)

## GUSSIE EUPHRAT, *Respondent,* v. EDITH MORRISON, *Appellant.*[1]

CHATTEL MORTGAGES — FORECLOSURE — RECEIVERS — APPOINTMENT — EVIDENCE — SUFFICIENCY OF SHOWING.  In an action for the foreclosure of a chattel mortgage upon furniture, including a leasehold interest in a hotel, a receiver *pendente lite* is authorized by statute, and is properly granted, where it appears that the security is inadequate, the mortgagor insolvent, and the leasehold in danger of forfeiture through the mortgagor's refusal to pay the rent, and where the mortgagor refuses to apply rents received by him on the mortgage debt, admits that there is no defense on the merits, and manifests a disposition to delay the proceedings.

Appeal from an order of the superior court for King county, Bell, J., entered September 14, 1904, appointing a receiver *pendente lite* upon the application of the plaintiff, after a hearing upon affidavits, in an action to foreclose a chattel mortgage.  Affirmed.

*Byers & Byers,* for appellant.

*Harrison Bostwick,* for respondent.

RUDKIN, J.—This is an appeal from an order appointing a receiver *pendente lite,* in an action to foreclose a chattel mortgage.  On the 4th day of March, 1904, the appellant mortgaged to the respondent all the furniture and household effects contained on the third and fourth floors of the

[1] Reported in 81 Pac. 695.

hotel Western, and also the leasehold interest in the premises occupied by the mortgagor, to secure the payment of $1,230, in monthly installments of $100 each, payable on the 4th day of each and every month, commencing April 4, 1904, with interest at the rate of twelve per cent per annum. The mortgage contained a provision that the whole sum should become due and payable on default in the payment of any installment; and the installments due on the 4th day of April, May, June, July, and August were due and unpaid at the time of the commencement of this action. There was a prior mortgage on the same property in favor of one George O'Reilley, to secure the rental on the third and fourth floors of said hotel Western, at the rate of $250 per month, and the rent for the months of June, July, and August, amounting to $750, was due and unpaid at the time of the commencement of this action. The respondent, before commencing this action, attempted to foreclose her mortgage by notice without action, under the statute, but the proceedings were removed into the superior court. It further appears that O'Reilley has commenced proceedings to recover possession of the third and fourth floors of the hotel Western, the leasehold interest in which was covered by the mortgage. The complaint further avers that the appellant is intentionally and purposely avoiding the payment of the respondent's mortgage, and of the rent accumulating on the said rooms, and is converting the money which she receives in the conduct and operation of said rooms to her own use, thereby cheating and defrauding respondent out of the money due upon said notes and mortgage.

In opposition to the appointment of a receiver, the appellant cites and relies on *Norfor v. Busby*, 19 Wash. 450, 53 Pac. 715, and *Balfour-Guthrie Inv. Co. v. Geiger*, 20 Wash. 579, 56 Pac. 370. It was held in these cases that the act of 1854, which provided that a receiver might be appointed in an action by a mortgagee for the foreclosure of a mortgage and the sale of the mortgaged property, when-

ever such property was insufficient to discharge the debt, to secure the application of the rents and profits accruing before sale could be had, was repealed by implication by later statutes, which provide that a mortgage shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the property without foreclosure and sale, and giving to the mortgagor the right of possession until after foreclosure and sale.

We do not understand that this application is based on that statute. Provisions of the statute which are not repealed are to the effect that a receiver may be appointed in all actions, where it is shown that the property, fund, or rents and profits in controversy are in danger of being lost, removed, or materially injured; in an action by a mortgagee for the foreclosure of a mortgage and the sale of the mortgaged property, when it appears that such property is in danger of being lost, removed, or materially injured; and in such other cases as may be provided for by law, or when, in the discretion of the court, it may be necessary to secure ample justice to the parties.

From the showing made in support of the application for the appointment of a receiver, it satisfactorily appears that the mortgage security is wholly inadequate, that the mortgagor, who is personally liable for the mortgage debt, is hopelessly insolvent, and that the mortgage security is impaired, or endangered by the forfeiture of the leasehold interest included within the mortgage, by reason of the wrongful refusal of the mortgagor to pay the rent. In addition to this, while the appellant denies each and every allegation of the complaint in her verified answer, she admits, in her affidavit filed in opposition to the appointment of a receiver, the execution of the notes and mortgage in suit and the default in the payments. It is therefore apparent that she has no defense to the action on the merits, and the entire record manifests a disposition on her part to delay the foreclosure as long as possible, by dilatory proceed-

ings, in order that she may appropriate to her own use the proceeds of the business in which the mortgaged property is used, regardless of the effect upon the mortgagee or the mortgage security. The foregoing facts are a sufficient warrant for the appointment of a receiver, under all the authorities. High, Receivers, § 666; 23 Am. & Eng. Ency. Law (2d ed.), 1027, and cases cited.

The order appointing the receiver is therefore affirmed.

MOUNT, C. J., CROW, FULLERTON, HADLEY, and ROOT, JJ., concur.