[No. 7581. Decided February 1, 1909.]

C. R. COLLINS, *Respondent*, v. MORRIS GROSS *et al.*, *Appellants.*[1]

MORTGAGES—FORECLOSURE—RECEIVERS—APPOINTMENT. A receiver may be appointed pending foreclosure of a real estate mortgage, where it appears that the mortgagors had abandoned the property and left for foreign lands and that a receiver is necessary to care for and protect the property and rent the same during the pendency of the action.

SAME—STATUTES—REPEAL—IMPLIED REPEAL. Bal. Code, § 5516, repealing Bal. Code, § 5456 in so far as it authorizes the appointment of a receiver for mortgaged real property because of insufficiency of the security, does not repeal by implication other provisions for the appointment of a receiver to save waste.

Appeal from an order of the superior court for King county, Morris, J., entered May 6, 1908, refusing to vacate the appointment of a receiver, after a hearing before the court upon affidavits, etc. Affirmed.

*Blaine, Tucker & Hyland*, for appellants.

*H. R. Clise* and *A. R. Bravender*, for respondent.

CROW, J.—This action was commenced on February 1, 1908, by C. R. Collins, against Morris Gross and Sophie Gross, his wife, to foreclose a mortgage on real estate in the city of Seattle. The plaintiff alleged, that on January 31, 1907, the defendants had executed and delivered to him their note for $13,000, payable one year after date; that to secure its payment they also executed and delivered to him their mortgage deed, the same being a purchase money mortgage, subject to a former mortgage for $27,000 which the defendants had assumed and agreed to pay; that, long prior to the commencement of this action, the defendants had departed from the city of Seattle; that their whereabouts was unknown; that they had abandoned the mortgaged real estate,

[1] Reported in 99 Pac. 573.

which was improved with a frame building suitable for apartment house purposes; that they were giving the property no care or attention; that they had failed to pay past due interest on the prior mortgage, and that unless some suitable person was appointed as a receiver to care for and preserve the property, the rentals then due and thereafter to become due would be lost, and the premises would be materially impaired and injured. Service was made by publication, and upon plaintiff's motion, a receiver was appointed to take charge of and rent the mortgaged property. On April 24, 1908, the defendants, appearing by attorney, moved the court to vacate the appointment and remove the receiver. From an order denying this motion, the defendants have appealed.

The appellants assert that the receiver could only have been appointed under the authority of Bal. Code, § 5456, and contend that said section in so far as it would authorize a receiver herein has been repealed by implication, citing *Norfor v. Busby*, 19 Wash. 450, 53 Pac. 717, and *Balfour-Guthrie Inv. Co. v. Geiger*, 20 Wash. 579, 56 Pac. 370. The motion was heard upon affidavits and other documentary evidence, from which it appears, that the property was improved; that it had been rented as an apartment house; that the appellants left Seattle some time during the month of September, 1907; that their location was thereafter unknown; that they were supposed to be in France or some other foreign country; that one F. W. West, now the receiver, had been their rental agent in charge of the property; that he had not heard from them directly or indirectly at any time after September, 1907; that on or about November 20, 1907, one F. M. Webb, of Los Angeles, California, called upon West at Seattle, Washington, exhibited to him a power of attorney from the defendant Morris Gross, authorizing him to sell certain furniture in the apartment house, and to lease the premises; that Webb thereupon authorized West to sell the furniture and make a lease; that pursuant to such authorization West did lease the property to a tenant for two years, at $175 per

month; that about January 9, 1908, West wrote to the defendant Gross in the care of F. M. Webb, at Los Angeles, California, in relation to certain unpaid taxes and other expenses, and that thereafter, on January 13, 1908, West received from Webb the following letter:

"Mr. F. W. West, Seattle, Wash.

"Dear Sir:—Received the communication from you for Gross as to taxes etc. Mr. Gross has left Los Angeles and the last I heard of him he had bought a ticket for Paris, France, and his money is transferred there. He intends to repudiate all his obligations, and as far as the property is concerned he will do nothing further with it. I would be glad if you would notify Mr. Furth of this. He expects the mortgages to be foreclosed and that is about the best thing that can be done under the circumstances. Very truly, F. M. Webb."

The record fails to show that, at any time prior to the hearing of appellants' motion, they had been heard from by any of the parties connected with, or interested in, the property, or in this action, after September, 1907, except as above stated. On the last day preceding default, appellants appeared by attorney, but so far as the record shows they have only made dilatory motions or taken other steps to delay foreclosure, without answering the complaint or in any manner pleading to its merits. We do not deem it necessary to fully state the showing made by the affidavits, our conclusion therefrom being that the appellants had actually abandoned the property in such a manner as to require the appointment of a receiver for its protection and care, and for the preservation of respondent's rights.

In *Norfor v. Busby*, and *Balfour-Guthrie Inv. Co. v. Geiger*, *supra*, the cases upon which the appellants rely, this court in substance held that the act of 1854, now Bal. Code, §5456 (P. C. § 575), in as far as it provides that a receiver may be appointed in an action for the foreclosure of a mortgage prior to judgment and sale, whenever the property is insufficient to discharge the debt, had been re-

pealed by implication by the later act of 1869, Bal. Code, § 5516 (P. C. § 1152), which provides that a mortgage shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale. The cases referred to did not hold any other provision of the statute of 1854 to have been repealed by implication. In the later case of *Euphrat v. Morrison*, 39 Wash. 311, 81 Pac. 695, this court, distinguishing those cases, said:

"Provisions of the statute which are not repealed are to the effect that a receiver may be appointed in all actions, where it is shown that the property, fund, or rents and profits in controversy are in danger of being lost, removed, or materially injured in an action by a mortgagee for the foreclosure of a mortgage and the sale of the mortgaged property, when it appears that such property is in danger of being lost, removed, or materially injured and in such other cases as may be provided for by law, or when, in the discretion of the court, it may be necessary to secure ample justice to the parties."

A sufficient showing of appellants' abandonment of the property has been made by the respondent to authorize the appointment of a receiver to care for, protect, and rent the property during the pendency of the foreclosure proceedings. The only showing made by appellants consists of one affidavit of a third party filed upon their behalf, which we think contains no statement of fact sufficient to warrant a discharge of the receiver.

The judgment is affirmed.

Rudkin, C. J., Fullerton, and Mount, JJ., concur.

Chadwick and Gose, JJ., took no part.