[No. 13856.   Department One.   April 3, 1917.]

Hannah Hill Newman *et al.*, *Respondents*, v. Bernice Van Nortwick *et al.*, *Appellants.*[1]

Mortgages—Foreclosure—Receivers—Delinquent Taxes. Where the mortgaged property is inadequate to discharge the debt and no deficiency judgment can be taken, and taxes drawing 15 per cent interest are allowed to become delinquent, a receiver is properly appointed to collect the rents and apply the same to the payment of the delinquent taxes, under the authority of Rem. Code, § 741, authorizing a receiver in case the property is in danger of being lost or materially injured.

Appeal from an order of the superior court for King county, Gilliam, J., entered August 11, 1916, denying a motion to discharge a receiver, in an action to foreclose a mortgage. Affirmed.

*Weter & Roberts,* for appellants.

*Walter S. Fulton,* for respondents.

Morris, J.—Appeal from an order refusing to discharge a receiver, in an action to foreclose a mortgage on real property. The conceded facts are: That the property is worth less than the amount due on the mortgage; that there is no provision for any deficiency judgment; that the re-

[1]Reported in 164 Pac. 61.

ceiver has collected $1,465.01 from rentals; that the property is well rented and well cared for; that the owners of the property had permitted delinquent taxes to accumulate to the sum of $1,712.09, now drawing interest at fifteen per cent per annum. With these facts before it, the lower court denied a motion to discharge the receiver.

As stated by appellants, the question to be determined is "Are delinquent taxes alone a proper ground for the appointment of a receiver in the foreclosure of a mortgage, it being admitted that the security is inadequate to discharge the debt and that no deficiency judgment can be taken?" Our answer is in the affirmative. Appellant relies upon *Norfor v. Busby*, 19 Wash. 450, 53 Pac. 717. Nothing in that case sustains the negative of appellants' query. It was there held that insufficiency of property to pay a mortgage indebtedness was not of itself sufficient ground for the appointment of a receiver in order to secure the application of rentals to the discharge of a mortgage debt. The same rule was recently announced in *Gerber v. Heath*, 92 Wash. 519, 159 Pac. 691, where it was said that the property and not its income is the security for the mortgage debt, and that the mortgagor is under no obligation to apply the income of mortgaged property to either the principal or interest of the mortgage debt. That would mean, as applied to this case, that, notwithstanding the inadequacy of the property to pay the mortgage debt, the receiver could not apply the rentals in payment of the amount due on the mortgage. We have no doubt such is the law in this state, but that is not the case here. So far as the record goes, there is no intention on the part of the receiver to apply the rentals to the debt. He did, however, ask leave to apply the rentals in payment of the delinquent taxes. This, we think, was a proper request. In *Euphrat v. Morrison*, 39 Wash. 311, 81 Pac. 695, and *Collins v. Gross*, 51 Wash. 516, 99 Pac. 573, it was held that it is the proper procedure in this state under

Rem. Code, § 741, to appoint a receiver where it appeared that the property was in danger of being lost or materially injured, or where in the discretion of the court it was necessary to secure ample justice to the parties. Such was the situation here. When taxes on real property are permitted to become delinquent and accumulate an added burden of fifteen per cent per annum, there is danger of material injury to the property. The payment of taxes is necessary to the preservation of the property. "Equity devolves it upon him who has the use; not to pay them is waste." The failure of the owners of this property to pay the taxes and allow them to become delinquent "was casting a burden upon the mortgaged estate which equity demanded the mortgagor should discharge." *Winkler v. Magdeburg*, 100 Wis. 421, 76 N. W. 332.

In an earlier case, *Schreiber v. Carey*, 48 Wis. 208, 4 N. W. 124, the same court said it was a want of good faith on the part of a mortgagor not to pay the taxes upon mortgaged property and yet remain in possession and appropriate all the profits of the property to his own purpose. Similar observations are made in *Philadelphia Mortgage & Trust Co. v. Oyler*, 61 Neb. 702, 85 N. W. 899, and in *Philadelphia Mortgage & Trust Co. v. Goos*, 47 Neb. 804, 66 N. W. 843. In *Gerber v. Heath, supra,* after saying that the mortgagor was under no obligation to apply the income of the property to the payment of the morgage debt, the court added, "a receiver is sometimes appointed to collect the income of property and apply the same to necessary charges pending the foreclosure proceedings in order to protect the property," continuing to the effect that current expense is a proper charge against the income of property. It will hardly be questioned but that taxes are "necessary charges" and "current expense" upon real estate. Under his contract, the mortgagee could only look to the property for the satisfaction of the debt, but he had the right to look to all of the

property and the right to have it preserved in the hands of a receiver, and not have it subject to a paramount lien against which he could not protect himself without the payment of additional money upon a property already overburdened with debt. The law gave this right and equity will preserve it. The mortgagor could not add to the burden assumed by the mortgagee in payment of the mortgage debt. Neither could the mortgagee add to the burden of the mortgagor in obtaining a satisfaction of that debt.

Judgment is affirmed.

ELLIS, C. J., CHADWICK, MAIN, and WEBSTER, JJ., concur.