[No. 18903.  Department One.  May 15, 1925.]

EMILIE LICH, *Appellant*, v. REBECCA STROHM *et al.*,
*Defendants*, GEORGE B. HURD, *Respondent*.[1]

CROPS (2)—MORTGAGES (217)—FORECLOSURE SALE—PROPERTY PASS-
ING BY SALE—SEVERED CROPS. The title to a crop passes by a bill of
sale executed prior to a decree foreclosing a mortgage on the land,
where the crop was actually severed and became personalty prior
to the foreclosure sale.

MORTGAGES (187) — FORECLOSURE — APPOINTMENT OF RECEIVER—
GROUNDS. Where a deficiency judgment was obtained on a mortgage
foreclosure sale, and the mortgagor was not shown to be insolvent,
a receiver cannot be appointed on the allegation that it was neces-
sary in order to apply the rents and profits to the payment of taxes
and current upkeep.

Appeal from an order of the superior court for Spo-
kane county, Huneke, J., entered January 30, 1924, ad-
judging the title to the proceeds of crops grown on
mortgaged land. Affirmed.

*Charles P. Lund,* for appellant.
*Tustin & Chandler,* for respondent.

TOLMAN, C. J.—This is an action to foreclose a real
estate mortgage on farm land.

The plaintiff appeals from an order denying her
right to the proceeds of a certain portion of a crop
grown on the land during the life of the mortgage, but
sold to a third person before and actually severed after
the decree of foreclosure was entered, but before the
sheriff's sale of the land thereunder.

No statement of facts is brought to this court, the
facts found by the trial court being unquestioned and
the law to be applied to those facts being the only mat-
ter in controversy.

[1]Reported in 236 Pac. 88.

The trial court found the facts material to the question now before us to be substantially as follows: In July, 1917, the defendants Strohm executed and delivered to the plaintiff's predecessor in interest their promissory note for the sum of $7,268.30, payable eight years after date, with interest at six and one-half per cent per annum, payable annually, and to secure the payment of the note made, executed and delivered to the payee of the note their mortgage upon certain real estate described, which mortgage was duly executed and recorded and thereafter, with the note, duly assigned to the plaintiff. That the note and mortgage provide, in case default be made in payment of any interest when due, that the principal shall become immediately due and payable, and, also, if default be made in the payment of taxes, the holder of the note and mortgage may pay such taxes and the sum so paid shall be secured by the mortgage and bear interest at eight per cent per annum, and the court found that the defendants failed to pay the general taxes for the year 1921 amounting to $248.70, and that the plaintiff paid that sum with accrued interest, under the terms of the mortgage. The court also found the mortgage in question to be subject to a first mortgage, covering the same property, on which interest was also in default, and that the plaintiff, to protect her rights under her own mortgage, had paid interest on the first mortgage in the sum of $531.55.

The court found that the defendant Anderson, being a grantee of the mortgaged premises from the defendants Strohm, at some time—the exact date not being fixed, but during the year 1922—had, for a valuable consideration, executed and delivered to the respondent George B. Hurd a bill of sale of the landlord's share, being an undivided one-third interest in and to the crop sown on the mortgaged premises by the tenants, which

was immature and growing on the premises when the decree was entered on July 5, 1923; and further found that the plaintiff was entitled to have a temporary receiver appointed to take possession of that part of the crop covered by the bill of sale referred to and retain the same or its proceeds until the court should determine the question as to who was entitled thereto, that question being expressly reserved for further consideration.

The record further discloses that, after the entry of the decree, which followed the findings of fact and appointed a temporary receiver, the receiver duly qualified and obtained possession of the crop, it being actually severed before the sheriff's sale, which was duly had on August 11, 1923, the plaintiff purchasing the property at such sale for an amount $1,500 less than her judgment, leaving a deficiency for that amount.

Thereafter the court proceeded to determine the rights of the parties to the crop or the proceeds thereof in the receiver's hands, and entered his order, in which it is recited that the crop was fully harvested prior to the foreclosure sale, that the receiver took possession of and marketed it, and by that order the receiver was directed to pay the proceeds of the crop, less his expenses, to respondent George B. Hurd, the grantee in the bill of sale; and it is from that order that the plaintiff appeals.

Appellant seems to make two principal contentions: One, that a growing and immature crop is a part of the real estate to which it is attached and the title thereto passes with the title to the land; and, two, when taxes are permitted to become delinquent and when the land is inadequate security for the mortgage debt, a receiver may be appointed in the foreclosure proceedings and the rents and profits applied to the payment of taxes and current upkeep of the mortgaged land.

The first contention, as an abstract proposition, may be admitted. *Woody v. Wagner,* 89 Wash. 429, 154 Pac. 819; *Union Farm Land Co. v. Isaacs,* 106 Wash. 168, 179 Pac. 84. But that does not help appellant here. Assuming, without deciding, that the giving of the bill of sale to Hurd was not a constructive severance of the crop, there was an actual severance before the foreclosure sale was had, and it cannot be successfully argued that any vestige of title passed before such sale, if, indeed, any then passed—a question we are not now called upon to discuss or decide. See *Cochran v. Cochran,* 114 Wash. 499, 195 Pac. 224, 198 Pac. 270, and cases there cited. Since an actual severance took place before any title passed, the crop by that severance became personal property, the title thereto vesting in the grantee named in the bill of sale, unless by reason of appellant's second premise that consummation was prevented.

On the second question, it sufficiently appears that taxes had become delinquent and that the land was inadequate as security, but there is a further element as vital to the rule as either of those just stated, and that is, that it must also appear that no deficiency judgment may be had. Not only does it not so appear here, but it is affirmatively shown by the record that a deficiency judgment was actually recovered, and, as the record contains no hint of the insolvency of the judgment debtor, the presumption must be indulged that the debtor will respond, willingly or of necessity, and that the judgment will be paid. Appellant relies upon *Newman v. Van Nortwick,* 95 Wash. 489, 164 Pac. 61; but in that case the relief was accorded upon the express ground that no deficiency judgment was obtainable, and that fact is coupled with the inadequacy of the security and the nonpayment of taxes in stating the rule, the court clearly holding that the income could not be ap-

plied to the payment of the mortgage debt, but only to the payment of the delinquent taxes, upon the theory that they were a current expense which the mortgagor might not, under the conditions stated, permit to become a paramount lien, saying:

"Under his contract, the mortgagee could only look to the property for the satisfaction of the debt, but he had the right to look to all of the property and the right to have it preserved in the hands of a receiver, and not have it subject to a paramount lien against which he could not protect himself without the payment of additional money upon a property already overburdened with debt. The law gave this right and equity will preserve it. The mortgagor could not add to the burden assumed by the mortgagee in payment of the mortgage debt. Neither could the mortgagee add to the burden of the mortgagor in obtaining a satisfaction of that debt."

Apparently, appellant now seeks an extension of the rule of the *Newman* case to any case in which taxes may be delinquent. Her contention in that respect is well answered by the trial court in his memorandum opinion in which it is said:

"These cases seem to rest upon the inability of the mortgagee to recover his debt either from the land itself or from the mortgagor or his assigns. In other words, if the mortgage provides for a deficiency judgment, and there is no showing of insolvency of the mortgagor, it will be presumed that the mortgagee can be made whole even if the mortgaged land is of insufficient value to pay the mortgage debt. That is the case here.

"There is a deficiency judgment against Strohm in this case and there has been no showing which I recall, either of insolvency or of inability to pay this deficiency judgment. Under these conditions it would be inequitable, to say the least, to deprive Mr. Hurd of a crop for which he has paid value and give it to Mrs. Lich when she has only to press her claim for deficiency against Strohm to be fully paid."

Under these conditions, it is unnecessary to inquire whether, in any event, the mortgagor might not sell and dispose of the crop, giving good title, if he acted before the mortgagee took some action to reduce it to his possession or establish notice of his right so to do.

The judgment of the trial court is right and must be and is affirmed.

Parker, Main, Bridges, and Askren, JJ., concur.