## GRIEVE v. HUBER, ET AL.

(No. 1479; April 9, 1928; 266 Pac. 128)

224

*S. E. Phelps,* for appellant.

*Curran & Cobb,* for respondent, filed no brief.

BLUME, Chief Justice.

The Central Trading Company is the appellant in this case. On October 3, 1925, Harriett T. Grieve, the respondent herein, commenced an action against Paul Huber and others to recover judgment for $52,212.19 upon certain promissory notes executed by Huber, and to foreclose a mortgage given to secure these notes on Lots 14, 15, 16, and 17 in Block 5, in Casper, Wyoming. It appears from the petition that this mortgage was given on August 6, 1923, to pay the unpaid portion of the purchase price of the property therein described and that the property was subsequently transferred by warranty deed from Paul Huber and wife to the appellant. Though the petition in the cause named the appellant as one of the defendants, the summons issued in the cause at that time was not, for some reason which does not appear, served upon the appellant. Notwithstanding that fact a judgment was entered in the cause on July 7, 1926, foreclosing the mortgage and ordering

a sale of the premises. An order of sale was issued and the property was sold to Harriett T. Grieve, respondent herein. The sale was confirmed on January 10, 1927. Thereafter, on May 4, 1927, Paul Huber filed a motion to set the sale and the confirmation thereof aside, for the reason that no appraisement of the property had ever been made. This motion was granted on May 25, 1927. Thereafter, on June 11, 1927, the respondent filed an application in the cause for the appointment of a receiver for the property mortgaged as above stated, and on the same day caused a summons to be issued in the case, to be served on the appellant, by which the appellant was notified to appear in the action and defend, and that an application for the appointment of a receiver had been made. The summons and a copy of the petition were duly served upon the defendant on June 11, 1927. Thereafter, on July 7, 1927, the appellant appeared in the cause by what is called a "special appearance," raising certain objections hereafter mentioned. These objections were overruled, and the court made an order granting the application for the appointment of a receiver. The appeal herein was taken from that order. Other facts will be mentioned later.

1. The return of the Sheriff on the summons issued on June 11, 1927, shows that it was served on "Central Trading Company, Alma Huber, agent." It is contended that the return on the summons should affirmatively show that Alma Huber was the authorized and proper agent upon whom service for and on behalf of the corporation could be made, and that, inasmuch as this does not appear, the court had no jurisdiction over the appellant herein. This point was not raised at the time that it appeared in the cause, or at all, except in the specifications of error, and it was probably too late to do so then. 3 C. J. 755. In any event we think the appellant waived the point when it appeared in the case. In the paper which it filed, designated as "special appearance," appellant stated that it appeared specially for the purpose of objecting to the jurisdiction of the court

over appellant "to grant Mrs. Grieve, the plaintiff, any relief or assistance as against" it, for the following reasons: First, because the summons issued and served on June 11, 1927, upon the Central Trading Company was issued in a cause in which final judgment was rendered on July 7, 1926, making it unlawful to enter another final judgment therein; second, because plaintiff wrongfully obtained possession of the premises in controversy, as mentioned in the case of State ex rel. Grieve v. District Court, (Wyo.) 260 Pac. 174, and because this court in that case, entered an alternative writ of prohibition forbidding the District Court from restoring possession to the Central Trading Company; third, because the application for the appointment of a receiver did not state facts sufficient to give the court jurisdiction to do so. Appellant accordingly prayed that the summons served upon it might be quashed; that the application for a receiver made by plaintiff be dismissed, and "for such other and further relief as may be equitable." We think that the appellant thereby made a general and not a special appearance. No question is raised, or could well be raised, as to jurisdiction over the subject matter. Jurisdiction over the person is, aside from appearance, obtained by serving the proper process in the manner required by law upon persons or parties subject to be sued in a particular action. If that is done, jurisdiction of the person is complete. 7 R. C. L. 1038, 1039; 15 C. J. 786, 799. In exceptional cases parties may not be subject to be sued in a particular action or court, such as in the case of ambassadors, or persons within the jurisdiction of the court only temporarily, but who are privileged from suit therein. In most cases, as is true here, the points of inquiry are limited, and the only requisites to confer jurisdiction of the person are the issuance of a proper summons and the proper service thereof and of a copy of the petition. Hence in order that an objection to the jurisdiction of the person may be held to be special, it must be limited to an attack directed against the process itself or the service thereof, or

both. Gravelin v. Porier, (Mont.) 250 Pac. 823, 826; Hinderager v. MacGinnis, 61 Mont. 312, 202 Pac. 200; Elliott v. Lawhead, 43 O. S. 171, 176, 1 N. E. 577. If objections go beyond this, they must necessarily be held to be nonjurisdictional in character in so far as jurisdiction of the person is concerned, and will, if they bear any substantial relation to the cause, constitute a general appearance and a waiver of failure or defect in the process or the service thereof. 2 R. C. L. 327. We think it clear that the objections made in the case at bar bore such substantial relation to the cause. The first point raised the question of law that under the facts as stated, the cause of action of plaintiff was barred, and was in the nature of a plea of limitation. The second point was in the nature of a plea of estoppel or in abatement. The claim that the facts pleaded by respondent did not warrant the appointment of a receiver was in the nature of a general demurrer to that part of plaintiff's demand. No general or equitable relief can well be given to a party over whom the court has no jurisdiction, and the request for such relief by the appellant constituted, accordingly, a request for affirmative relief. It is clear, we think, that the appearance of appellant in the cause must be held to have been general, and it thereby waived all defects in the service of process upon it. See generally, 4 C. J. 1333-1338; Honeycutt v. Nyquist, Peterson & Co., 12 Wyo. 183, 74 Pac. 90; Hudson Coal Co. v. Hauf, 18 Wyo. 425, 109 Pac. 21.

2. It is contended that at the time when the receiver was appointed, the property involved in this action was in the custody of this court by reason of the alternative writ of prohibition issued by this court in State ex rel. Grieve v. District Court, supra, and that accordingly no other court could interfere therewith. There is, however, no merit in this contention. The facts leading up to that case were about as follows: The respondent herein attempted, by means other than a legal process, to gain possession of the premises in controversy after the sale thereof under the

mortgage foreclosure heretofore mentioned, and after the expiration of the period of redemption had expired, she caused an injunction to be issued not to interfere with the possession which she claimed to have. The injunction suit was later heard in the District Court, and that court held that the injunction should not have been issued, and directed the property to be restored. A petition for a writ of prohibition was thereupon filed in this court, asking us to forbid the District Court from carrying out the foregoing order for restoring possession of the property. We issued an alternative writ as prayed, but it merely affected the last mentioned order in the injunction suit, and nothing else. It did not attempt to control or affect an independent right which respondent might have to the appointment of a receiver.

3. Counsel for appellant maintain further that the court was without authority to appoint a receiver for the reason that no action was pending at that time. It is not always necessary that an action should be pending in the sense of a controversy not closed by a final judgment. Under the statutes of this state, Section 6184, Wyo. Comp. Stat. 1920, a receiver may be appointed after judgment to carry it into effect, or to dispose of or preserve certain property. We may assume, however, that, in order to warrant the appointment of a receiver in the case at bar it was necessary that an action of foreclosure should be pending. Counsel for appellant contend that two final judgments cannot be rendered in a cause; that the final judgment of July 7, 1926, rendered in this case accordingly ended the pendency of the action, and that service of summons upon appellant to bring it into the case subsequently cannot alter that fact. That seems to have been the rule at common law, at least in law-actions. 33 C. J. 1124. But we have statutory provisions which change the common law rule. 33 C. J. 1129. Section 5877, Wyo. Comp. Stat. 1920 provides:

"In an action against several defendants, the court may render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper."

Section 5878 provides:

"The court may dismiss the petition with costs, in favor of one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or to proceed in the cause against the defendant or defendants served."

Counsel for appellant say that the rule of the common law is not changed, unless the court at the time of rendering a judgment in an action against part of the defendants specifically continues the case as to those not served. But that, we think, is too narrow a construction of the statute. The court appears to have the right to dismiss the case, at least under certain circumstances, according to Section 5878, supra, or proceed to render judgment against those served. If the court adopts the latter alternative, it thereby impliedly continues the case as to those not yet served, and this is tantamount to an express order to that effect, if any order is necessary at all. See Bamforth v. Ihmsen, 28 Wyo. 282, 299; 204 Pac. 345; First National Bank v. Sorenson, 30 Wyo. 136, 142, 217 Pac. 848. It is said in 33 C. J. 1129, discussing statutes of a similar effect:

"The entry of a separate judgment against one or more defendants under the statute operates as a severance of the cause of action and after such judgment the issues made by the remaining defendants are to be heard and determined as if they had been sued alone. The judgment does not submerge the cause of action as at common law and prevent the further pursuit of judgment against the other defendants."

The syllabus in the case of McNeeley v. Superior Court, 36 Cal. App. 602, 173 Pac. 102, is as follows:

"Under Code Civil Procedure Section 579, providing that in an action against several defendants the court may in its discretion render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment is proper, where two joint tortfeasors are sued and one of them suffers default, a judgment may be taken against him and the action proceeded with against the other and a separate judgment rendered against him."

These authorities dispose of the contention of appellant. We may, however, go a little further and note what some of the courts have held to be the proper procedure in cases of foreclosure of mortgages when some of the proper parties have not been brought into court—the decisions apparently being rendered without reference to a statute on the subject. It is not infrequent that in such proceedings an interested party has not been made a party or has not been summoned. Courts hold that in such case a plaintiff may bring a supplemental suit of foreclosure against such person. 42 C. J. 172. In Lofton v. Strow, 8 Ky. Law 955, 4 S. W. 180, however, the proceeding to bring in such additional party was taken in the original case, and the court said upon that subject:

"G. S. Jones, being a non-resident, has never been before the court by actual service of summons. But, if he had been, he could not have successfully resisted the original judgment by which he is bound, nor has he been prejudiced by reinstating the action on the docket, and therefore has no right to complain. While it would have perhaps been more regular for appellees to bring a new action, still as appellant and Lindsay and wife were duly summoned and every opportunity given to them to controvert the allegations made in the amended petition and to set up whatever lien the former had, or right or claim the latter held, we do not perceive how they or either of them have been prejudiced."

In the case of Baggs v. Hargrave, 16 Cal. 560, it was held that such proceedings, bringing new parties into court,

should be had in the original foreclosure suit, the court saying upon that point:

"Though courts of equity will not grant relief in an independent action for mistakes of law they are ever-ready, as we observed in Goodnow v. Ewer (16 Cal. 461) 'to grant relief from sales made upon their decrees where there has been irregularity in the proceedings rendering the title defective as well where the purchaser or parties interested have been misled by a mistake of law as to the operation of the decree as when they have been misled by a mistake of fact as to the condition of the property or the estate sold; provided application be made by them in the suits in which such decrees are entered within a reasonable time and the relief sought will not operate to the prejudice of the just rights of others.' To that court, therefore, the plaintiff must resort. Upon his application, it may direct the sale to be set aside and the satisfaction to be cancelled, and authorize a supplemental bill for a resale of the premises, to be filed and conducted in the names of the complainants in that suit, for the plaintiff's benefit; and direct that Bristol and any other persons interested in the premises be brought in as parties; or it may make such other or further order in the matter as will protect the rights of all parties, and mete out exact justice."

It is plain, accordingly, that the proceedings to bring in the appellant by summoning it to appear in the original action was, under the circumstances, proper, or at least without prejudice herein.

4. It is further contended that a receiver cannot be appointed in an action of this kind unless it appears that plaintiff has no adequate remedy at law, and that a mere allegation to that effect is not sufficient, but that the facts must be shown. The gist of the contention of counsel seems to be that it was necessary to show that Paul Huber, the maker of the notes, was insolvent. Counsel, however, have evidently overlooked the force of Section 6184, Comp. Stat. 1920, which contains no such condition and which provides:

"A receiver may be appointed in the following cases: * * *

Second: In an action by a mortgagee for the foreclosure of his mortgage and sale of mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured or that the condition of the mortgage has not been performed and that the property is probably insufficient to discharge the mortgage debt."

Statutes substantially similar to that quoted above have been construed by the Supreme Court of Indiana and Kansas and other states and it is held that it is not necessary to show the insolvency of the party liable for the indebtedness as a condition precedent to the appointment of a receiver. Leader Publishing Co. v. Grant Trust, etc. Co., 182 Ind. 651, 108 N. E. 121; Pander v. State, 96 Ind. 330; Selvitz v. Trier, 97 Kan. 555, 155 Pac. 1073; Harvallis State Bank v. Dyckman, 77 Kan. 222, 157 Pac. 1177; Tardy's Smith on Receivers (2nd Ed.) 1, 573. It was held in Broad & Market National Bank v. Larsen, 88 N. J. Eq. 245, even in the absence of such statute, that where the security is uncertain and precarious, the court has power to appoint a receiver regardless of insolvency. The contention of counsel on this point must accordingly be overruled.

5. It is further contended that the allegations of respondent were wholly insufficient to warrant the appointment of a receiver; that these allegations did not show the existence of the conditions which are a pre-requisite to the appointment of a receiver under the provision of the statute last cited; that the allegations actually made constitute at most but legal conclusions, the ultimate facts not being shown. The application for the appointment of a receiver specifically makes the allegations of the petition in the action a part thereof, and in determining, accordingly, whether or not sufficient facts were alleged to

warrant the action of the court, we must consider both the allegations in the petition as well as those in the application. This fact has been entirely overlooked or ignored by counsel for appellant.

The petition alleges, among other things, that the action

"is an action for the foreclosure of a mortgage and for the sale of mortgaged property, and it will be shown and made to appear that the mortgaged property is being materially injured and that the conditions of the mortgage have not been performed and the property is probably insufficient to discharge the mortgage debt in this, to-wit; that said property is allowed to go to tax sale at the annual tax sale by the county treasurer of Natrona County, Wyoming, at the tax sale held in July, 1925, and a tax sale certificate was issued, and for the further reason that the repairs of said building are not being kept up, but the building allowed to deteriorate and fall into ruin, and for the further reason that the general improvement taxes for the improvement of Second Street and improvement of Beach Street are allowed to be in default and have not been paid, amounting to several thousand dollars, and for the further reason that the property has greatly decreased in value and is not now worth the face value of the mortgage thereon."

The face value of the mortgage is stated in the petition to be $47,500, exclusive of interest. The affidavit attached to the application for a receiver states "that said property is not of sufficient value to pay the mortgage debt; that said property will be lost unless immediate action to protect said property is taken, for the reason that the City of Casper threatens to sell said property for special improvement tax against said property amounting to $2,000; that said property has been sold to pay the general taxes thereon and that there is due such general taxes in the sum of $6,000; that certain liens covering certain improvements situate on the said property have been foreclosed in the sum of $8,000; that there is due her from Paul

Huber and Alma Huber, the parties herein, for which said property is security, the sum of $54,154.00." The application itself, which describes the property, also described in the petition, states among other things, as follows:

"That there is grave danger of loss to the said mortgagee unless such receiver is appointed forthwith, in these, to-wit: (a) That certain special improvements have been constructed around and adjacent to said realty and tax therefor has been levied; that said tax for such special improvements is in default in the approximate sum of $2,000.00 and that said city threatens to sell said property to realize money therefrom to pay said tax. (b) That general taxes against said real estate are in default in the approximate sum of $6,000; that said property has been sold for such general taxes and that said property goes to tax deed within sixty (60) days of the date hereof. (c) That certain material and labor liens have been foreclosed on said property in the approximate sum of $8,000.00. (d) That said property is depreciating in value and is not of sufficient value to discharge the debts against it; that said debts are as follows, to-wit:"

The taxes, liens and the mortgage debt above mentioned are then itemized, aggregating the sum of $73,199.69. These allegations, if true, amply warranted the court in appointing a receiver herein. We cannot regard as serious the contention of counsel that the allegation that the property was not of sufficient value to discharge the mortgage indebtedness is but a legal conclusion. If it was necessary to state the value, that has been done at least inferentially. When the amount of the indebtedness was stated, the further allegation that the value of the property was not sufficient to pay it, necessarily referred to the amount already mentioned, and to set it out again would have been mere repetition.

6. Counsel for appellant further contends that it nowhere appears in the record who was in possession of the property, and that in the absence of a showing in that

regard the court was not authorized to appoint a receiver. We are referred to Section 660 of High on Receivers (4th Ed) and also to Jones on Mortgages, Sec. 1528. These texts are based mainly upon Sea Insurance Co. v. Stebbins, 7 Page's Chancery Reports 564, which holds that the court will not appoint a receiver unless it is shown who is in possession of the property. It is undoubtedly true that if the court is not advised as to this fact it would be authorized to refuse to appoint a receiver. The reason for that is clear. A court has no authority to make a binding order upon one who is not a party in the proceeding before it. If, accordingly, a stranger to the suit is in possession and enjoyment of the property, its order appointing a receiver thereof would be unjust and wholly void as to such party. Such order should, therefore, not be made unless the party in possession is in court. It must, however, be presumed herein that the trial court knew or had evidence before it to the effect that the party in possession of the property was properly before it. The authorities above mentioned do not hold that it is reversible error for a trial court to appoint a receiver merely because the pleadings do not disclose the facts of possession. No such point as that was considered in the Sea Insurance Company case, supra, and it is, accordingly, not in point herein. If appellant was in actual possession of the property, either by itself or by its tenant, then the court, having jurisdiction over it, was warranted in making the appointment, and we should not want to reverse the case for the technical reason here urged. If, on the other hand, an entire stranger to the suit was in possession, appellant has not right to make objections for and on his behalf.

7. It is argued that in this state a mortgage is a mere lien and not a conveyance (Robinson Mercantile Co. v. Davis, 26 Wyo. 484, 187 Pac. 931); that the mortgage in the case at bar contains no provision for the appointment

of a receiver and for sequestering the rents and profits, and that, accordingly, the order of the court herein constitutes an unlawful and unconstitutional invasion of appellant's rights. Counsel have cited us to some cases which hold that a receiver cannot deprive a mortgagor of the use and enjoyment of the mortgaged property, and that the latter is entitled thereto until the expiration of the time for redemption. As an instance, we are referred to Farm Mortgage Loan Company v. Pettet, 51 N. D. 491, 200 N. W. 497. But that case was decided under certain statutes of that state which are not found in this state. Statutes of like character, and the holdings thereunder, are discussed by Jones on Mortgages, Sec. 1522. See also note 7 L. R. A. N. S. 1001. In 19 R. C. L. 561, it is stated that in order to warrant the appointment of a receiver, there must be, in addition to inadequacy of security and insolvency of the mortgagor, additional ground, such as waste, in order to justify the appointment of a receiver. In that connection, however, it appears to be held that delinquent taxes and unpaid interest depreciates the value of the security and constitutes waste. Philadelphia Mtg. & T. Co. v. Goos, 47 Nebr. 804. In Schreiber v. Carey, 48 Wis. 208, 4 N. W. 124, cited with approval in Newman v. Van Nortwick, 95 Wash. 489, 164 Pac. 61, it was said that it is a want of good faith on the part of a mortgagor not to pay the taxes upon mortgaged property and yet remain in possession and appropriate all the profits of the property to his own purpose. See also Greether v. Nick, (Wis.) 213 N. W. 304, 307, and cases cited. The rule that governs herein must, after all, be determined in the light of the statutes of this state. At common law a mortgage was regarded as a conveyance, vesting the legal title to the mortgaged premises in the mortgagee. Upon default, the latter became entitled to the immediate possession of the premises. 19 R. C. L. 309. The right of the mortgagor, or those holding under him, to retain possession of the mortgaged premises until the expiration of

the period of redemption, is purely a statutory right, and hence may be withheld, granted upon condition, or taken away. There can accordingly be no force to the argument that any constitutional rights of the mortgagor were invaded by the appointment of a receiver, if his right of possession after default, till the expiration of the period of redemption, is made conditional under the statutes of this state. That this has been done can admit of no doubt. We have already seen that Section 6184, Wyo. Comp. Stat. 1920, above quoted, authorizes the appointment of a receiver under certain circumstances, and that, too, without showing the insolvency of the mortgagor. And Section 6187, Wyo. Comp. Stat. 1920 authorizes, among other things, the receiver so appointed to receive rents and do such other acts respecting the property as the court may authorize. No statute is pointed out which takes away the right thus expressly granted, and the conclusion is inescapable that the order of the court was right. That appears to be the prevailing rule, or at least the rule announced by some of the courts, even in the absence of statutes like ours. Moncrieff v. Hare, 38 Colo. 222, 87 Pac. 1082; 7 L. R. A. N. S. 1001. So much the more so should that be the case in view of our statutes. Roberts v. Parker, 14 S. D. 323, 85 N. W. 591; Sherman v. Wichner, 35 S. D. 436, 152 N. W. 700; Sherman v. Loan Co., 46 S. D. 497, 194 N. W. 652; Jacobs v. Gibson, 9 Neb. 380; Philadelphia Mtg. & T. Co. v. Goos, 47 Neb. 804; Waldron v. First Nat. Bank, 60 Neb. 245, 82 N. W. 856; Collins v. Gross, 51 Wash. 516, 99 Pac. 573; Euphrat v. Morrison, 39 Wash. 312, 81 Pac. 696; Douglas v. Cline, 12 Bush. 608. We do not say that a receiver may be appointed for every kind of property in cases of mortgage-foreclosures, but we know of no reason why it was not proper in the case at bar, though the extent of the receiver's authority need not be determined.

Several other, though minor, points have been argued in the briefs, but this opinion is already sufficiently

lengthy. Suffice it to say that we have carefully considered all the points argued, but we find no reversible error herein. The order complained of must accordingly be affirmed, and it is so ordered. In view of this conclusion, it is not necessary to consider the motion filed herein to dismiss the appeal.

*Affirmed.*

KIMBALL and RINER, JJ., concur.