[No. 24115. Department Two. January 12, 1933.]

SAMUEL J. T. STRAUS, *as Trustee, Respondent,* v.
WILSONIAN INVESTMENT COMPANY, *Appellant.*[1]

*Bogle, Bogle & Gates* and *Warren Brown, Jr.,* for
appellant.

*Peters, Evans & McLaren,* for respondent.

MAIN, J.—This is an appeal from an order appoint-
ing a receiver in an action to foreclose a mortgage.

The following is a statement of facts, about which
there is no controversy. The property against which
foreclosure is sought is owned by appellant and oper-
ated by it as a hotel. Appellant acquired title from the
mortgagors, George W. Wilson and Corinne Simpson
Wilson, without assuming the mortgage. The Wilsons
are both deceased, and their estates are hopelessly
insolvent. The balance due on the mortgage is ap-
proximately $310,000, and the property is worth not to
exceed $240,000.

At the time the application for a receiver was made,
there were past due and delinquent taxes on the prop-
erty amounting, with interest, to $8,809.52. Between
September 18, 1931, and March 17, 1932, appellant had

[1]Reported in 17 P. (2d) 883.

paid to Charles F. Clise, its president, and to Mr. Beecher, its secretary, $11,950, on account of moneys advanced by them some time previous.

There is a sharp dispute as to whether there was profit or loss in the operation of the hotel between January 1, 1931, and March 1, 1932. There is no doubt, however, that there was an operating profit, i. e., that income exceeded the operating expense. From this operating profit, the appellant paid to its president and secretary, not as such, but as creditors, a sum in excess of the delinquent taxes. With these facts before it, the court entered an order providing that, unless the taxes due, and past due, were paid within ten days, a receiver would be appointed. The taxes not having been paid, an order was entered May 9, 1932, which contained the following:

"It is further ordered that said receiver be and he is hereby authorized and empowered to conduct, manage and operate said property and apply all income received or derived therefrom first, toward the actual operating expenses properly incurred by him as receiver; secondly, toward the expenses of said receivership as the same may be hereinafter fixed and allowed by the court, and the balance of said income toward the payment of delinquent and unpaid real and personal property taxes heretofore levied and assessed against said described property."

The facts bring this case within the rule of *Newman v. Van Nortwick*, 95 Wash. 489, 164 Pac. 61. In that case the court said:

" 'Are delinquent taxes alone a proper ground for the appointment of a receiver in the foreclosure of a mortgage, it being admitted that the security is inadequate to discharge the debt and that no deficiency judgment can be taken?' Our answer is in the affirmative. . . . So far as the record goes, there is no intention on the part of the receiver to apply the rentals to the debt. He did, however, ask leave to apply

the rentals in payment of the delinquent taxes. This, we think, was a proper request. . . . When taxes on real property are permitted to become delinquent and accumulate an added burden of fifteen per cent per annum, there is danger of material injury to the property. The payment of taxes is necessary to the preservation of the property. 'Equity devolves it upon him who has the use; not to pay them is waste.' The failure of the owners of this property to pay the taxes and allow them to become delinquent 'was casting a burden upon the mortgaged estate which equity demanded the mortgagor should discharge.' "

The appellant diverted income to its own officers which respondent was entitled to have applied on delinquent taxes.

We think it unnecessary to discuss the cases cited by appellant, as they go to the point that a mortgagee is not entitled to have the income from the property applied to the mortgage debt. That question is not involved here.

The order appealed from is affirmed.

BEALS, C. J., STEINERT, and TOLMAN, JJ., concur.