[No. 24558. Department One. August 24, 1933.]

The Peoples Savings & Loan Association, *Respondent*,
v. Andrew G. Smith, *Defendant*, Verona
Investment Company *et al.*,
*Appellants*.[1]

*W. C. Hinman,* for appellants.
*J. H. Gordon,* for respondent.

Mitchell, J.—This action was brought on a note in the sum of eighty thousand dollars, and to foreclose a real estate and chattel mortgage given to secure the payment of the note. They were executed and delivered to the plaintiff by Andrew G. Smith, a bachelor, one of the defendants. After the mortgage was given, the property was sold by Smith to the defendant Verona Investment Company, a corporation; the grantee not assuming to pay the mortgage or any of the obligations specified in it. The Frances Investment Company, a corporation, was also made a defendant, because, as alleged in the complaint, it claimed some inferior, subordinate right to and interest in the property.

Upon the commencement of the action, the plaintiff

[1] Reported in 24 P. (2d) 644.

applied for the appointment of a receiver to take charge of the property during the pendency of the action. A hearing was had upon the application, the defendants Verona Investment Company and Frances Investment Company appearing. The defendant Andrew G. Smith did not appear, because, as the record shows, his whereabouts were unknown.

Upon what we think was a preponderance of proof, the trial court found, in substance, that the mortgage was in the sum of eighty thousand dollars; that there were defaults in meeting installments of the principal and interest, as provided in the note and mortgage; that the premises have not been kept insured, as required in the note and mortgage; and that defaults in the payment of taxes on the premises for the years 1928 to 1931, inclusive, approximate ten thousand dollars. It was further found that defendants (other than Smith) were occupying the premises and receiving all the rents and profits therefrom without applying any of them upon the payment of taxes; that defendants are not applying the net income from the property upon the sums due on the note and mortgage; that Andrew G. Smith is insolvent; that the other defendants are not personally liable upon the note and mortgage; and that the amount due on the note and mortgage is in excess of the value of the mortgaged property. On these findings, a receiver, subject to the orders of the court, was appointed on February 27, 1933, to take charge of the property. The Verona Investment Company and the Frances Investment Company have appealed.

The only assignment is that the court erred in appointing a receiver.

Under Rem. Rev. Stat., § 741, subd. (4); *Gerber v. Heath,* 92 Wash. 519, 159 Pac. 691; *Newman v. Van Nortwick,* 95 Wash. 489, 164 Pac. 61; *Lich v.*

*Strohm,* 134 Wash. 490, 236 Pac. 88; *Straus v. Wilsonian Investment Co.,* 171 Wash. 359, 17 P. (2d) 883; and other of our decisions, it appears that the three essentials or conditions which justify the appointment of a receiver in mortgage foreclosure proceedings are: (1) That waste is being committed; (2) that the security is inadequate; and (3) that the mortgagor is insolvent.

In *Collins v. Gross,* 51 Wash. 516, 99 Pac. 573, it was recognized that the appointment of a receiver, pending foreclosure, to prevent the mortgaged property from waste was authorized, and in *Newman v. Van Nortwick,* 95 Wash. 489, 164 Pac. 61, which contains a more extended discussion of the subject, it was said:

"As stated by appellants, the question to be determined is 'Are delinquent taxes alone a proper ground for the appointment of a receiver in the foreclosure of a mortgage, it being admitted that the security is inadequate to discharge the debt and that no deficiency judgment can be taken?' Our answer is in the affirmative."

Further in the same opinion, it was said:

"In *Euphrat v. Morrison,* 39 Wash. 311, 81 Pac. 695, and *Collins v. Gross,* 51 Wash. 516, 99 Pac. 573, it was held that it is the proper procedure in this state under Rem. Code, § 741, to appoint a receiver where it appeared that the property was in danger of being lost or materially injured, or where in the discretion of the court it was necessary to secure ample justice to the parties. Such was the situation here. When taxes on real property are permitted to become delinquent and accumulate an added burden of fifteen per cent per annum, there is danger of material injury to the property. The payment of taxes is necessary to the preservation of the property. 'Equity devolves it upon him who has the use; not to pay them is waste.' The failure of the owners of this property to pay the taxes and allow them to become delinquent 'was casting a burden upon the mortgaged estate which equity de-

manded the mortgagor should discharge.' *Winkler v. Magdeburg,* 100 Wis. 421, 76 N. W. 332.''

To the same effect, see *Straus v. Wilsonian Investment Co.,* 171 Wash. 359, 17 P. (2d) 883.

The conditions thus referred to existed in the present case.

In *Lich v. Strohm,* 134 Wash. 490, 236 Pac. 88, in discussing the essentials necessary to the appointment of a receiver in foreclosure proceedings, the court said:

''It sufficiently appears that taxes had become delinquent and that the land was inadequate as security, but there is a further element as vital to the rule as either of those just stated, and that is, that it must also appear that no deficiency judgment may be had.''

In the present case, the maker of the note and mortgage is insolvent, and no other party connected with the title or possession of the property is liable to a general or deficiency judgment in favor of the holder of the note and mortgage. It further appears, also, that the maker of the note and mortgage cannot be found. Thus it appears that all the circumstances essential to the appointment of a receiver in cases of this kind are found in this instance.

Affirmed.

Millard, Holcomb, Steinert, and Tolman, JJ., concur.