Judgment may be presented in accordance herewith.

**FIRST NATIONAL BANK OF FAIRBANKS, Alaska, a national banking association, Plaintiff, v. Margaret M. DUAL et al., Defendants.**

**No. A-8421.**

District Court, Alaska. Fourth Division. Fairbanks.
June 2, 1955.

Collins & Clasby, Fairbanks, for plaintiff.

George B. McNabb, Jr., Fairbanks, for defendant Black Rapids Hunting Lodge, Inc.

HODGE, District Judge.

Two questions are principally presented to the Court for decision in this case, which I find to be succinctly stated in the opening paragraph of the brief of the plaintiff, and that is in an action to foreclose a mortgage in which the plaintiff seeks the appointment of a receiver to collect and hold the rents and profits, (1) to what extent must there be shown an inadequacy of security under the Alaska statute; and (2) are the allegations of the complaint and the supporting affidavit relating to the inadequacy of the security sufficient. It is strenuously argued by the defendant Black Rapids Hunting Lodge, who now appear to be the record owners

and in possession of the property, that two elements are essential or indispensible requisites to the appointment of a receiver in such case,—that is, the inadequacy of the security and the insolvency of the debtor.

It is certainly true generally, or in the absence of statute, that these elements must be shown, as fully illustrated in an annotation of decisions gathered upon this subject in the American Law Reports, commencing in volume 26, page 49, supplemented in volume 36, page 610, volume 55, page 533, volume 87, page 1009, and volume 111, page 731; also rather briefly referred to in 37 Am.Jur. 288, sections 930 to 932. We have here to consider whether such provisions apply to our Alaska statute with regard to appointment of receivers, which provides that a receiver may be appointed in any civil action or proceeding except cases not applicable here, "Provisionally, before judgment, on the application of either party, when his right to the property which is the subject of the action or proceeding, and which is in the possession of an adverse party, is probable, and the property or its rents or profits are in danger of being lost or materially injured or impaired". Section 55–6–91 A.C.L.A.

Some confusion appears to exist in the annotation of the cases as to whether these principles are applicable under this type of statute. Most of the decisions cited are not under such statute, but we find a compilation of some cases under this particular type of statute especially referred to in volume 26 A.L.R., at page 71, volume 36, page 611; volume 55, page 536, and volume 111, page 735. The prevailing rule appears to be that under such statute the inadequacy of security is required to be shown only to the extent that the appointment of a receiver to be justified must be necessary to preserve the security or to prevent waste. Especially in point appears the decision of Nielsen v. Heald, 151 Minn. 181, 186 N.W. 299, 26 A.L.R. 29; also 37 Am.Jur. 291, sec. 935; and the case of Kremer v. Rule, 209 Wis. 183, 244

N.W. 596, at page 598, 87 A.L.R. 1004, from which I should like to quote briefly:

In this opinion the Supreme Court of Wisconsin states that

"It is argued that the receiver should not have been appointed because of the absence of proof that the mortgaged premises constituted an insufficient security for the mortgage debt, or that the mortgagors are insolvent. This contention is expressively negatived in Fairbank v. Cudworth, 33 Wis. 358. On page 363 of 33 Wis. in that case it is said: 'The test question seems to be, Is the security of the mortgage about to be impaired? * * * ' The fact that waste has occurred, or is likely to occur, is the dominant consideration which arouses the power of a court of equity, although the questions of whether the security is sufficient or whether the mortgagor is solvent may be proper incidental considerations in certain cases to influence the court as to whether the power should be exercised."

As to the degree of proof required, we find various holdings from "at least a very strong probability of the inadequacy of the security", Central West Public Service Co. v. Craig, 8 Cir., 70 F.2d 427, 433, cited by defendant, where no allegation that the security was inadequate was made, to "a well-grounded apprehension of the deficiency in security," 26 A.L.R.Annotation p. 49, supra to a case in which "it is uncertain whether a sufficient sum could be realized on the sale to pay the debt." Annotations 26 A.L. R. 71 and 36 A.L.R. 611, or "the probability that the sale under foreclosure would not yield sufficient to pay the mortgage debt." In re Wickings' Estate, 162 Misc. 357, 294 N.Y.S. 598.

It is also held in a number of the cases noted, that misappropriation of the rents and profits to the use of the mortgagor or a subsequent purchaser in possession, or fail-

546

ure to pay taxes or insurance, constitutes waste. See particularly cases noted in 26 A.L.R. 58 and 61; 36 A.L.R. 611, and 87 A.L.R. 1012, and People's Savings & Loan Association v. Smith, 174 Wash. 289, 24 P.2d 644, which is under a very similar statute.

Tested by these principles, I find a sufficient showing in the allegations of the complaint, and the affidavit of Mr. Stroecker, which is uncontroverted, of facts indicating both such waste, that is as to the misappropriation of rents and profits and the failure to pay insurance premiums, (of course not the taxes, because there are no taxes assessed against this property) and particularly as to the question of whether a sufficient sum could be realized on the sale to pay the debt, coupled with this allegation:

> "That after the conclusion of the current season's operations the market value of the property will be considerably less, its ability to attract purchasers considerably affected thereby, all with the reasonable anticipated likelihood that it cannot be liquidated for sufficient to retire the loan secured by the said mortgage."

Insolvency, apparently, need not be shown under our statute, but only the inability of the debtor to meet any deficiency, which is shown here.

The case cited by counsel from Oregon, French v. C. F. & T. Co., 124 Or. 686, 265 P. 443, is not applicable here as this case related to the appointment of a receiver for insolvent corporations.

There are other conditions which also appear here which are entitled to consideration. There is the delay in the foreclosure proceedings which appears to be considerable. There is the matter of a patent to the land which is not yet obtained, and the question raised as to whether the chattels are of sufficient value, if not connected with the land and buildings, for the mortgage here covers both the real and personal property. Upon general equity principles where conditions are shown making an immediate sale impossible,

and the present owner collecting the rents or profits is not liable on the original debt and therefore not liable to a deficiency judgment, I find a leading decision which is referred to frequently in the cases annotated in A.L.R. of Totten v. Harlowe, 67 App.D.C. 132, 90 F.2d 377, 380, 111 A.L.R. 726, which I desire to quote:

"Courts of equity always have the power, when the debtor is insolvent, and the mortgaged property is insufficient security for the debt, and there is good cause to believe that it will be wasted or deteriorated in the hands of the mortgagor, * * * to take charge of the property by means of a receiver, and preserve not only the corpus but the rents and profits for the satisfaction of the debt; when justice requires this course to be pursued, and it is resorted to by the mortgagee, it will give him ample protection. * * *

"In some of the states the question is controlled by statute, but there is no statute in the District of Columbia. We think the equitable rule is that when the mortgaged property is not of sufficient value to insure payment of the debt and the mortgagor, or person liable for the deficiency, is insolvent, and there are superadded conditions which make an immediate sale impractical or impossible, courts of equity have power to take charge of the property by means of a receiver and preserve not only the corpus but the rents and profits for the satisfaction of the debt. In such circumstances, the loss inevitable in the delay takes the character of waste as clearly and distinctly as deterioration by the failure to make repairs or the cutting of timber, etc. In such a case the court may take possession of rents in order to preserve them for that party to the suit who is ultimately found to be equitably entitled to them."

Now, as we have already seen, that part of this decision referring to the insolvency of the debtor is not applicable

548

here because in the cited case there was no statute; and that part of the decision relating to inadequacy of security is modified as shown. This case is referred to particularly to show the equities of the situation. I do not believe that it would be equitable, in view of the very considerable default shown in this mortgage, the seasonal conditions, especially relating to the property of the Black Rapids Hunting Lodge, the uncontroverted fact that the mortgagor was in possession one season without making payments on the mortgage, and that there is some danger that this may be the last season in which this property may be profitable, to permit the present owners to remain in possession and collect the rents and profits from the operation of this property, in view of the fact that it is clearly shown that the plaintiff is in all probability entitled to the possession of the property upon foreclosure.

I am therefore of the opinion that the plaintiff is entitled to the appointment of receiver to collect the rents and profits pending the foreclosure in this case. An order may be presented accordingly.